[Crim. No. 15130. Second Dist., Div. Five. Oct. 9, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. WILBER BRIAN WHEELDIN, Defendant and Appellant.

Robert E. Burke, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert P. Samoian, Deputy Attorney General, for Plaintiff and Respondent.

KAUS, P. J.—Defendant was charged in a two-count information with burglary (Pen. Code, § 459) and receiving stolen property (Pen. Code, § 496 subd. 1). The burglary charge (count I) was dismissed after the People rested their case. (Pen. Code, § 1118.) Defendant was convicted of receiving stolen property. (Count II.)

On appeal he claims that: 1. the evidence is insufficient to support the conviction; and 2. his inculpatory statements were inadmissible as the corpus delicti of the crime charged in count II was not established without them. The second issue raised is the crucial one; if the defendant's statements were admissible the evidence is sufficient.

### Evidence Apart From Defendant's Statements

Sometime between June 7 and 27, 1967, an electric guitar was stolen from the upstairs duplex apartment of Mrs. Roberts. Defendant was a tenant in the downstairs apartment in the duplex, which was located on Penn Street in Pasadena.

On or about July 14, 1967, the guitar was sold to a Mr. Wenner of the Stage Loan Company, a pawn shop in Hollywood. Wenner, whose eyesight was poor, recorded identifying information about the seller of the guitar from a driver's license which the seller presented. This included the name Wilber Brian Wheeldin, the address 44 East Douglas, Pasadena and a physical description. 44 East Douglas was a nonexistent address. The address actually shown on defendant's driver's license was 411 East Douglas, a real address. Later, when testifying in his own defense, defendant stated that the address was that of his uncle and that he could always be reached there.

### Defendant's Admissions

After defendant was arrested and after an unchallenged waiver of his constitutional rights, he told Officer Fincke of the Pasadena police that he had accepted the guitar as payment for repair work on the transmission of an automobile which belonged to someone who had given him a ride. The officer asked him: "From the circumstances didn't you know something was wrong? Didn't you think maybe it was stolen?" Defendant replied: "Yes I did. That is the reason I took it to Hollywood, to sell it or pawn it."

The statement to the officer was admitted over objection that the corpus delicti of the receiving count had not been established.

Defendant took the stand in his own behalf. His account for the receipt of the guitar was the same as that he had given to Officer Fincke, but he denied admitting that he had been suspicious about it having been stolen. He also denied having told a Mr. Nettles that he had pawned the guitar in Hollywood because he thought it was hot.

On rebuttal, over the same objection, Nettles testified that he had asked the defendant at the central jail whether he had pawned the guitar in Hollywood because he thought it was stolen property and that defendant replied: "I suspected that something was wrong."

### Discussion

If the defendant's admissions were properly received, there is nothing to the point that the evidence was insufficient to support the verdict. The People proved the theft independently of his admission.[1] The receipt of the guitar and the requisite guilty knowledge were proved by the extrajudicial statements.

■ "To establish the corpus delicti it is not essential to show beyond a reasonable doubt that the crime was committed, but only a slight or prima facie showing is sufficient." (*People* v. *Lopez,* 254 Cal.App.2d 185, 189 [62 Cal.Rptr. 47].) Even with that rule in mind it must be admitted that the proof of the corpus delicti of a violation of section 496, subdivision 1 of the Penal Code is about as slight as possible.
■ Nevertheless, at this level of the judicial process, we cannot say that there is an entire lack of circumstantial evidentiary support for the elements of the offense. ■ These are, of course, that the property found in the possession of the accused was acquired by theft, that he received, concealed or withheld the property from its owner and that he knew it was stolen. (*People* v. *Williams,* 253 Cal.App.2d 952, 957 [61 Cal.Rptr. 238].) ■ There is no problem about the first element. The guitar was stolen from the victim's apartment. Apart from defendant's statements to Officer Fincke, there is no evidence one way or another whether he received it from

[1]Defendant makes much of the fact that the victim of the theft merely testified that after returning from a vacation the guitar was "missing." He argues that this does not mean that it was ever there. We think that the word "missing" can be interpreted to imply that it should have been there because it was there when the owner left.

the thief or whether he himself stole it. If he was the thief, which is perhaps more likely since he lived in the same duplex as the victim, he could not be guilty of receiving the guitar. (*People* v. *Tatum,* 209 Cal.App.2d 179, 183 [25 Cal.Rptr. 832].) ■ On the other hand it is possible even for the actual thief to violate section 469, subdivision 1 if the concealing or withholding of the property is not ''part and parcel of the theft.'' There is, of course, evidence in the case at bar that defendant concealed or at least withheld the guitar from its owner. Just precisely what acts of concealment and withholding by the thief are punishable under section 496, subdivision 1 is hard to define. In *Tatum* the court spoke of ''acts of concealment entirely separate and apart from the theft and sufficiently removed therefrom to constitute an independent course of conduct . . .'' (209 Cal.App.2d at p. 185) and of ''. . . facts indicating a complete divorcement of the concealing activities from the course of conduct of the thief in the initial concealing of the property stolen by him . . .'' (209 Cal.App.2d at p. 184.) The conviction in that case was reversed, because the trial court had instructed the jury that if it found that defendant was the thief, it was necessary for the People to prove that the defendant '' 'committed acts or omissions amounting to concealment or withholding of the property from its owner after the completion of the asportation or transportation of the property immediately connected with the perpetration of the theft of the property.' '' (209 Cal.App.2d at pp. 182-183.) The giving of this instruction was error because there was no evidence in the record to show any concealment independent of that involved in the theft.

In *People* v. *Marquez,* 237 Cal.App.2d 627 [47 Cal.Rptr. 166], the facts were as follows: On June 3, 1964, a large amount of clothing was stolen from a department store. Five days later defendant was found in possession of either part or all of the loot. Guilty knowledge was proved by the fact that the clothing was unaltered, the trousers uncuffed, the sizes, prices and tags bearing the name of the store still affixed to the garments. Both before and at the trial the defendant presented an exculpatory if slightly incredible story in explanation of his possession. On appeal he contended that one cannot be found guilty of receiving stolen goods unless the People affirmatively prove that someone other than the defendant was the thief. He cited a number of cases in support of his contention. The court acknowledged that dicta supporting the defendant could be found in his cited cases, but refused to

follow them. Nothing in the statute requires affirmative proof that the thief was someone other than the defendant. *Tatum* was interpreted to mean that only "where it is affirmatively established that the defendant *is* the thief he may not be prosecuted under Penal Code section 496, subdivision 1, if the concealment and withholding of the goods have been part of his activities connected with the theft." (237 Cal.App.2d at p. 634.)

Directly applicable to our case is the following language from *Marquez*: ". . . Yet the People did not produce the slightest evidence to establish the corpus delicti if a necessary element of the crime of violation of Penal Code section 496, subdivision 1, is proof that defendant did *not* steal the clothing. This was not only the district attorney's dilemma in this case. More frequently than not it will be the situation when the theft consitutes a burglary and there are no witnesses either to the taking of the goods or to the flight which follows the taking." (237 Cal.App.2d at pp. 635-636.) ·

 The case at bar is somewhere between *Tatum* and *Marquez*. Certainly it is not "affirmatively established," that defendant was the person who burglarized the victim's apartment. That he lived in the same duplex and was in possession of the guitar 17 days after the last day when the burglary could have taken place certainly does not compel the conclusion that he was the thief. Since there was room for doubt on defendant's identity as the thief, it was not necessary for the prosecution to show that there had been a "complete divorcement of the concealing activities from the course of conduct of the thief in the initial concealing of the property stolen by him . . ." Therefore the *Marquez* rule applies.

We now turn to guilty knowledge, possibly the People's weakest point. It is noted that when defendant's admission to Officer Fincke was offered, he had not yet testified that his uncle lived at 411 East Douglas and that he could always be reached there. While we do not know all the details concerning the transaction between defendant and the pawnbroker, it is fairly inferable that defendant knew that the address was being copied from the driver's license. He knew he did not live at 411 East Douglas, let alone at 44 East Douglas. There is no evidence that he made any attempt to advise the pawnbroker that 411 East Douglas was not his own address, although he should have realized that no one was interested in where his uncle lived. More important perhaps is the fact that defendant lived in Pasadena, but sold the guitar in Holly-

wood. From this the court was entitled to infer that defendant exhibited some desire to hide the fact that he was selling the guitar from the law enforcement agency most likely to know about the theft. We know nothing about defendant's knowledge of obscure sections of the Financial Code, but it is not inconceivable that he was, in a general way, aware of the fact that section 21208 of that code requires pawnbrokers to report purchases of secondhand merchandise to the chief of police or the sheriff.

These matters are, of course, capable of perfectly innocent explanations. Defendant may not have noticed what the pawnbroker was doing with his license nor, in this era of the sometimes uncrowded freeway, can one attach too much importance to a sale in a different city, but in the same metropolitan area. Unfortunately, the inferences were for the trial court and we cannot say that its conclusions were irrational.

The judgment is affirmed.

Stephens, J., and Aiso, J., concurred.

A petition for a rehearing was denied October 28, 1969, and appellant's petition for a hearing by the Supreme Court was denied December 3, 1969. Peters, J., was of the opinion that the petition should be granted.