[Crim. No. 16790. In Bank. July 10, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID HERNANDEZ MARTIN et al., Defendants and Appellants.

## COUNSEL

Richard G. Sherman, Larry L. Scissors, Ralph C. Larsen and Frank Duncan for Defendants and Appellants.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Frederick R. Millar, Jr., and John R. Evans, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WRIGHT, C. J.**—Defendants David Hernandez Martin and M. Nick Prizant appeal from orders granting probation following the convictions of each on two counts of receiving stolen property. (Pen. Code, § 496, subd. 1.)[1] The causes were submitted to the court on transcripts of the preliminary hearings for its determination of guilt or innocence in accordance with a negotiated disposition as to sentence.[2] Prior to the submission defendants had unsuccessfully moved to set aside the information (§ 995) and to suppress evidence (§ 1538.5).

[1] All statutory references herein are to sections of the Penal Code unless otherwise specified.

[2] The defendants had separate preliminary hearings and the transcript of each such hearing was submitted on the issue of guilt as to each defendant. The negotiated sentence disposition was to the effect that in the event defendants were found guilty they would not be sentenced to state prison unless such sentences were suspended. Defendant Martin was placed on probation for five years on the condition, among others, that he spend the first 90 days in the county jail and pay a $5,000 fine. Defendant Prizant was placed on probation for five years on the condition, among others, that he pay a $10,000 fine.

Defendants contend that there was no probable cause for their arrests and accordingly, evidence seized incidental to such arrests should have been suppressed pursuant to their motion therefor. Defendant Prizant additionally contends (1) that there is insufficient evidence to sustain his convictions, and (2) that the trial court exceeded its jurisdiction by imposing an excessive fine as a condition of probation. We conclude, inter alia, (1) that although submission on the transcript of a preliminary hearing may in some instances appear to be tantamount to a plea of guilty (*In re Mosley* (1970) 1 Cal.3d 913 [83 Cal.Rptr. 809, 464 P.2d 473]), the evidence contained therein, in the absence of receipt of additional evidence, must in and of itself be sufficient to support a finding of guilt beyond a reasonable doubt, and (2) that a defendant so convicted may challenge the sufficiency of the evidence on appeal.

We hold, accordingly, that Martin was lawfully convicted as to each count; that Prizant was lawfully convicted as to one count and that there is insufficient evidence in support of the conviction of the remaining count. As the order granting probation to Prizant must be reversed we do not reach the issue of the claimed exercise of excessive jurisdiction.

On the afternoon of April 13, 1970, Police Officer Ostrom while on routine patrol observed an Oldsmobile station wagon heavily laden with unidentified objects. The officer recognized Martin on the basis of prior information obtained from a police "intelligence card."[3] Ostrom followed Martin into an underground garage and observed him as he parked the station wagon and drove off in a second vehicle.[4] The officer called for assistance and remained at the scene. He approached the station wagon and looked through its windows, observing several business machines on the rear seat along with some bulky, covered items in the rear cargo area. After approximately one-half hour the officer observed Martin as he returned in a vehicle driven by Prizant. Martin unlocked the station wagon, removed one machine and transferred it to the rear seat of Prizant's vehicle. At this point Ostrom and a fellow officer stepped forward and

---

[3]The officer had seen the card approximately two months prior to the date he saw Martin driving the station wagon. The card contained a picture of Martin and information that Martin was a "known receiver of stolen goods" who had been arrested for such activity on several occasions. The card did not indicate whether Martin had been convicted nor did it indicate the source of the information. The officer initially reviewed the intelligence card after being alerted by another officer that Martin was actively receiving stolen property.

[4]The garage was located under a multi-unit apartment building wherein, it was subsequently determined, Prizant was a tenant. The garage area was used for the parking or storage of numerous vehicles and was not closed off to the public.

arrested both Martin and Prizant for receiving stolen property. The officers seized the machines and other materials in defendants' vehicles.

The items recovered from the station wagon as well as the machine recovered from the rear of Prizant's vehicle were later determined to have been stolen although at the time of the arrests the officers were not aware that there had been a recent theft of business machines. The officers possessed neither arrest nor search warrants.

■ We consider first defendants' contention that there was no probable cause for their arrest and that the fruits of the search conducted incident to the arrests should have been suppressed. As the trial court has ruled on the motion to suppress, after holding an evidentiary hearing pursuant to the motion, all factual conflicts must be resolved in the manner most favorable to the court's disposition on the motion. ■ Probable cause exists when a state of facts known to the arresting officer would lead "a man of ordinary care and prudence to believe, or to entertain a strong suspicion, that the person arrested is guilty." (*People* v. *Hillery* (1967) 65 Cal.2d 795, 803 [56 Cal.Rptr. 280, 423 P.2d 208]; see also *People* v. *Lara* (1967) 67 Cal.2d 365, 373-374 [62 Cal.Rptr. 586, 432 P.2d 202].) A mere hunch or a good faith belief on the part of the arresting officer is not enough; he " 'must be able to point to specific and articulable facts which . . . reasonably warrant' " his suspicion that an offense has been or is being committed. (*Cunha* v. *Superior Court* (1970) 2 Cal.3d 352, 356 [85 Cal.Rptr. 160, 466 P.2d 704].) Further, an arrest and search based on events as consistent with innocent as with criminal activity are unlawful. (*Remers* v. *Superior Court* (1970) 2 Cal.3d 659, 664 [87 Cal. Rptr. 202, 470 P.2d 11].)

■ We have above recited the circumstances of the officer's prior knowledge of Martin's activities and his later suspicious conduct.[5] The presence of a number of business machines in the rear of the station wagon, the switch of automobiles, the transfer of one of the machines in the basement garage of a residential complex, all lent credence to the officer's belief that a crime was then in progress. (See *People* v. *Wright*

---

[5]The officer's knowledge of Martin's prior activities would not, alone, provide probable cause for his arrest (*Remers* v. *Superior Court, supra,* 2 Cal.3d 659, 668; *People* v. *Gallegos* (1964) 62 Cal.2d 176 [41 Cal.Rptr. 590, 397 P.2d 174]), particularly where the People have not shown the reliability of the sources of the information (*People* v. *Lara, supra,* 67 Cal.2d 365, 374). However, that knowledge can be used, in connection with other information, to support a finding of probable cause for arrest. (*People* v. *Buchanan* (1972) 26 Cal.App.3d 274, 292 [103 Cal.Rptr. 66]; see also *United States* v. *Harris* (1971) 403 U.S. 573, 582 [29 L.Ed.2d 723, 733, 91 S.Ct. 2075].)

(1957) 153 Cal.App.2d 35 [313 P.2d 868].) This belief found further support in the officer's independent investigation of official police records which disclosed that Martin had been active as a receiver of stolen property. Such information was entitled to as much, if not more, weight than that of a tip from an unidentified informant. (See *People* v. *Siegfried* (1967) 249 Cal.App.2d 489, 493 [57 Cal.Rptr. 423]; *People* v. *Superior Court* (*Thomas*) (1970) 9 Cal.App.3d 203, 210 [88 Cal.Rptr. 21].) The totality of these circumstances would clearly lead a man of ordinary care and prudence, who had the same information and observed the same conduct as did the officer, to entertain a strong suspicion that an offense had been committed or was in progress.[6] Defendants' contention that the evidence was unlawfully seized must thus be rejected.

■ We next consider Prizant's contention that there is insufficient evidence in support of his convictions. The People argue that this contention is not cognizable on appeal because the submission of the case on the transcript of the preliminary hearing is tantamount to a plea of guilty. Issues going to the sufficiency of evidence cannot, as a general rule, be raised on an appeal from the ensuing judgment of conviction following a plea of guilty. (See §§ 1237, 1237.5.)

A submission on the transcript of the preliminary hearing has, for certain purposes, been equated to a guilty plea in order to guarantee that certain rights of a defendant be duly protected. Before submission a defendant must, inter alia, be advised that by submitting his case in such a manner he effectively waives his rights to a jury trial, to confront witnesses and to present evidence in his own behalf. (*People* v. *Levey* (1973) 8 Cal. 3d 648 [105 Cal.Rptr. 516, 504 P.2d 452]; *In re Mosley, supra,* 1 Cal.3d 913.) We have never held, however, that a submission on the transcript constitutes a waiver of the right to challenge on appeal the sufficiency of the evidence in support of a conviction.

■ The rationale upon which we have held that a defendant who enters a guilty plea waives his right to an appellate challenge based on insufficiency of the evidence (see *People* v. *Ward* (1967) 66 Cal.2d 571, 574 [58 Cal.Rptr. 313, 426 P.2d 881]; *People* v. *Warburton* (1970) 7 Cal.App.3d 815, 821 [86 Cal.Rptr. 894]), follows from the defendant's implied admission that the People have established or can establish every

---

[6]Unlike those in *Remers* v. *Superior Court, supra,* 2 Cal.3d 659 and *Cunha* v. *Superior Court, supra,* 2 Cal.3d 352, the activities here were highly unusual and not as indicative of innocent as well as criminal activity. Both *Remers* and *Cunha* involved activities which, in the street milieu in which they occurred, could not have been said to have been out of the ordinary, unusual or inherently suspicious.

element of the charged offense, thus obviating the need for the People to come forward with *any* evidence. (See *People* v. *Jones* (1959) 52 Cal.2d 636, 651 [343 P.2d 577]; *People* v. *Johns* (1959) 173 Cal.App.2d 38, 42 [343 P.2d 92]; *People* v. *Stewart* (1969) 1 Cal.App.3d 339, 343 [81 Cal. Rptr. 562].) There is no rationale, however, which warrants the finding of an implied admission of the existence of each element of a charged crime merely because the accused agrees to a determination by the court as to the existence of such elements on the evidence presented earlier at a preliminary hearing. Moreover, as appears below, the record in the instant case clearly negates such an implication.

Prizant maintained throughout the entire proceedings that he was not guilty. His submission on the transcript of the preliminary hearing was with the understanding that were he to be *found* guilty and sentenced to prison the court would suspend imposition of sentence. The court indicated at the time the matter was submitted that it was then inclined to a finding of guilt but that it would have to review again the transcript prior to making such a determination. Thus, defendant never conceded, even by implication, his guilt and the court itself recognized that such guilt was a matter which must be found, if at all, by the judicial process and then only if the record justified such a finding.

The People's reliance on *People* v. *Sanchez* (1972) 24 Cal.App.3d 664 [101 Cal.Rptr. 193] for the proposition that Prizant cannot here challenge the sufficiency of the evidence is misplaced. In *Sanchez* the defendant submitted the case on the transcript of the preliminary hearing notwithstanding an unequivocal statement by the trial judge that upon such a submission the defendant would be found guilty.[7] Moreover, in the particular circumstances of that case a determination was made that the submission was in fact intended as a guilty plea and the admonitions necessary to a valid plea of guilty were given by the court. (*Boykin* v. *Alabama* (1969) 395 U.S. 238, 242-244 [23 L.Ed.2d 274, 279-280, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449]; see also *In re Mosley, supra,* 1 Cal.3d 913, 916, fn. 10.)

Aside from exceptional circumstances such as those appearing in *Sanchez* a trial court cannot abdicate the heavy responsibility imposed upon

---

[7]The submission was further conditioned upon an express understanding of the punishment to be accorded. Defendant was immediately found guilty upon submission and the terms of the negotiated disposition were carried out. It appears that the reason defendant submitted on the transcript rather than plead guilty was to preserve a right to challenge on appeal the validity of a search pursuant to a warrant. Such tactic, however, was unnecessary. (*Id.* at p. 672, fn. 3.)

it to determine, *on the record,* the question of guilt presented on a stipulated transcript.[8] Whenever a defendant waives trial and submits his guilt or innocence on the transcript of a preliminary hearing the trial court must weigh the evidence contained in the transcript and convict only if, in view of all matters properly contained therein, it is persuaded beyond a reasonable doubt of the defendant's guilt. In view of the foregoing it is clear that Prizant, by submitting the question of his guilt on the transcripts of the preliminary hearing, cannot be held to have waived his right to challenge the sufficiency of the evidence on appeal.

We turn now to the question of whether there is sufficient evidence to support Prizant's convictions of two counts of receiving stolen property, the first based upon the business machine found in the rear of his vehicle and the second based upon the machines found in the rear of Martin's station wagon. The standard which is applied in weighing the sufficiency of evidence is not whether guilt was proved beyond a reasonable doubt but whether there is substantial evidence in support of the findings of the trier of fact. (*People* v. *Redmond* (1969) 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321].) Substantial evidence must be more than evidence which merely raises a strong suspicion of guilt as mere suspicion will not support an inference of fact. (*Id.* at p. 755 and cases cited there.)

To establish guilt of the offense of receiving stolen property proof of three elements is required: the property must have been stolen, the accused must have received it in his possession, and he must have known that it was stolen. (*People* v. *Kunkin* (1973) 9 Cal.3d 245, 249 [107 Cal.Rptr. 184, 507 P.2d 1392]; *People* v. *Vallee* (1970) 7 Cal.App. 3d 167 [86 Cal.Rptr. 475]; *People* v. *Wheeldin* (1969) 276 Cal.App.2d 744 [81 Cal.Rptr. 270]; *People* v. *Stuart* (1969) 272 Cal.App.2d 653 [77 Cal.Rptr. 531].)

The record clearly demonstrates that there is substantial evidence in support of Prizant's conviction of the receipt of stolen property as to the business machine discovered in the rear of *his* vehicle. The machine's status as stolen property is not in dispute. Prizant's possession of the machine is established by the fact that not only was it in the rear of his vehicle but it was placed there in his presence. The requisite knowledge that the machine was stolen may be established by the cir-

[8]In a broad sense *Sanchez* did not present an exception to the rule as it was expressly understood that the court was not to make any further finding on the record. To the extent that *Sanchez* is contrary to the views expressed in this opinion it is disapproved.

cumstances surrounding its receipt. (See *People* v. *Jackson* (1970) 14 Cal. App.3d 57 [92 Cal.Rptr. 91]; *People* v. *McNeal* (1963) 212 Cal.App.2d 731 [28 Cal.Rptr. 173].) Possession of a stolen item in and of itself is a factor which could assist a reasonable person in formulating a strong suspicion that the recipient knew the item was stolen. ■ In addition to the possession of the machine there were here attendant the unusual circumstances surrounding its transfer and the presence of a number of other similar machines of which Prizant was aware. These factors amply support the trial court's finding that Prizant had the requisite knowledge that the machine in the rear of his vehicle was stolen. Thus there is sufficient evidence in support of the conviction as to that count of the information.

■ The record, however, is completely devoid of any evidence in support of Prizant's conviction on the count charging that he received the stolen machines located in the rear of *Martin's* vehicle at the time of his arrest. Prizant clearly did not have possession of those machines nor was there any evidence that he had aided or abetted Martin in receiving, concealing, or withholding such machines.[9] Mere access or proximity to stolen goods is not enough to infer possession (*People* v. *Zyduck* (1969) 270 Cal.App.2d 334 [75 Cal.Rptr. 616].) Thus, although Prizant's knowledge that the machines in the rear of Martin's car were stolen might be inferred, there is a total lack of proof as to the essential element of possession of those machines. The conviction on the count charging that Prizant received the stolen property which was found in Martin's vehicle thus must be set aside. (See *People* v. *Schroeder* (1968) 264 Cal.App.2d 217 [70 Cal.Rptr. 491].)

Prizant was granted probation on condition that he pay a $10,000 fine. The fine was presumably $5,000 for each count of which he was convicted.[10] As the order granting probation must be reversed and the cause remanded for the purpose of rearraignment for probation and sentencing, we may presume that a new order of probation, if any, will conform to law.

---

[9]The transcripts of the preliminary hearings reveal that Prizant had had no access to Martin's vehicle and fail to establish any contact between the defendants other than the meeting which took place immediately prior to the transfer. The fact that Martin's car was parked in the garage under Prizant's apartment building cannot be deemed to have given Prizant constructive possession over the contents of a locked vehicle belonging to Martin. The most which can be inferred from the location of the transfer point is that it was convenient for the purpose of the transfer of the single machine to Prizant.

[10]We have so presumed as the statutory limitation on the amount of a fine which may be imposed for each violation of section 496 is $5,000. (See § 672.)

The order granting probation as to defendant Martin is affirmed. The order granting probation as to defendant Prizant is reversed, the conviction as to Prizant on count II is set aside and the cause remanded for further proceedings in accordance with the views expressed herein.

McComb, J., Tobriner, J., Mosk, J., Burke, J., Sullivan, J., and Molinari, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.