Filed 8/27/13  P. v. Jones CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039113 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1229357) |
| v. | |
| ALFRED LONZO JONES, | |
| Defendant and Appellant. | |

## I. INTRODUCTION

Defendant Alfred Jones was convicted by his no contest plea of a second violation of a protective order within a year of an earlier conviction of violating a protective order. (Count 2; Pen. Code, § 273.6, subd. (e).)[1] He also admitted having a prior strike conviction for criminal threats prohibited by section 422.  (§ 667, subds. (b) – (i); 1170.12.)  Following the denial of his motion to dismiss the strike, the trial court sentenced him to 32 months in prison (the 16 month lower term doubled).  Defendant filed a notice of appeal without obtaining a certificate of probable cause.  The notice recited that the appeal was based on matters occurring after the plea that do not affect its validity.

By letter dated May 7, 2013, this court notified defendant that his appellate counsel filed a brief inviting us to identify any arguable appellate issues.  Defendant has

---

[1] Unspecified section references are to the Penal Code.

responded with a half-page handwritten letter.  For the reasons stated below, we will affirm the judgment.

## II. STANDARD OF REVIEW

We review the entire record to determine whether appointed counsel has correctly determined that there are no arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)  In performing our review, we are required to give a brief description of the facts, the procedural history, the crimes of which the defendant was convicted, and the punishment imposed, and to address any contentions personally raised by the defendant. (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

## III. TRIAL COURT PROCEEDINGS

According to the probation report's summary of a police report, shortly before 3 a.m. on April 17, 2012, police officers responded to an apartment in the City of Santa Clara based on a report of domestic violence.  The victim, Adrian Carradine, told them that her boyfriend, defendant Alfred Jones, had come home heavily intoxicated after attending a domestic violence class.  They argued and he threatened to strike her with a cane and an umbrella.  He choked her for about two minutes as she was lying on the bed. As she left their residence, he grabbed a large kitchen knife and threatened to kill her if she left.  The police observed no visible injuries and the victim declined medical attention.

Defendant was initially charged by complaint with the felonies of forcible assault (count 1; § 245, subd. (a)(4)) and a second violation of a protective order (count 2; § 273.6, subd. (e)) and the misdemeanors of criminal threats (count 3; § 422) and exhibiting a knife in a threatening manner (count 4; § 417, subd. (a)(1)).  The complaint also alleged that a prior criminal threats conviction was a strike.  (§ 667, subds. (b) – (i); 1170.12.)

There was no preliminary examination.  On June 12, 2012, defendant, represented by Deputy Public Defender Kenny Luu, agreed to plead guilty or no contest to count 2, to

admit the prior strike conviction, and to admit violating probation in two other cases, in exchange for the prosecution seeking dismissal of the remaining charges and defendant receiving a maximum prison sentence of 32 months if his motion to dismiss the strike was unsuccessful. Defendant answered "yes" when asked if this reflected his understanding of the resolution of his case. Defendant and his attorney signed and initialed an eight-page advisement of rights, waiver, and plea form. Defendant orally acknowledged that he understood the form on which his initials and signature appeared. After being advised by the court, defendant waived his trial rights and pleaded no contest to "the charge in Count 2, a violation of a protective order with a prior within one year which resulted in injury to a victim in violation in [*sic*] Penal Code Section 273.6 (e)." His attorney stipulated that the police report provided a factual basis for the plea. Defendant admitted the prior strike and the probation violations.

### IV. *ROMERO* MOTION AND SENTENCING

Both defendant's October 25, 2012 motion to dismiss his prior strike and the prosecutor's opposition, filed on November 8, 2012, appear in the clerk's transcript to have been filed as confidential documents.[2] There is no indication, however, that the public was excluded from the court hearing on November 16, 2012.

Defendant's *Romero* motion (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497) alleged the victim lied about the current crimes and defendant's past crimes resulted from his mental problems. At the November 16, 2012 hearing, the victim described herself as defendant's fiancée. She expressed her belief that he needs mental

---

[2] We are unaware of any law requiring a motion to dismiss a strike to be filed as confidential, nor do we see any court order in the record requiring or permitting a confidential filing. "A record must not be filed under seal without a court order. The court must not permit a record to be filed under seal based solely on the agreement or stipulation of the parties." (Cal. Rules of Court, rule 2.551(a).)

health treatment because he is depressed and bipolar, and that he used alcohol in an attempt to self-medicate. She falsely accused him of attacking and threatening her because she was angry and she apologized for the problems she had caused. Defendant said he was off his medication at the time of the incident. Defense counsel acknowledged that defendant's fiancée was also the victim of his 2011 strike. Defense counsel argued that although defendant has quite a history of drug use, most of his prior crimes were misdemeanors. The prosecution pointed out that defendant's criminal history dates back to 1983 and includes battery and exhibiting a deadly weapon. The court took the motion under submission until the sentencing hearing.

On December 7, 2012, the court denied the motion to dismiss the strike. The court noted that the prior strike, involving choking and a threat to kill, was from October 2011 and the current incident, involving choking and a threat with a knife, occurred only six months later. The court also expressed concern that defendant has another prior felony conviction and an extensive misdemeanor history involving weapons, drugs, and some violence.

After denying the *Romero* motion, the court imposed a sentence of 32 months in prison. The court also imposed a minimum restitution fine of $240 under section 1202.4, an equivalent suspended fine under section 1202.45, a court security fee of $40 under section 1465.8, a $30 criminal conviction assessment under Government Code section 70373, and a peaceful contact order under section 136.2. The court also terminated probation in his two prior cases. Defendant was given credit for 469 days in custody.

## V. DEFENDANT'S LETTER

Defendant raises two issues in his letter, both arising before the entry of his plea. He claims that the victim was telling the truth when she said she had lied about his conduct. He should not have been convicted of something that did not happen.

Defendant cannot plead no contest in the trial court and then claim on appeal that his plea lacks evidentiary support. As this court explained in *People v. Voit* (2011) 200

4

Cal.App.4th 1353 at page 1364: "A guilty plea convicts the defendant of the charged crime without proof at trial. (*People v. Ward* (1967) 66 Cal.2d 571, 574; *People v. Hoffard* (1995) 10 Cal.4th 1170, 1178 (*Hoffard*); *In re Chavez* (2003) 30 Cal.4th 643, 649; see *People v. Wallace* (2004) 33 Cal.4th 738, 749 (*Wallace*).) '"The legal effect of [a no contest plea] to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes." (§ 1016, subd. 3.) A guilty plea "admits every element of the crime charged" [citation] and "is the 'legal equivalent' of a 'verdict' [citation] and is 'tantamount' to a 'finding' [citations]" [citation].' (*Wallace, supra,* 33 Cal.4th 738, 749.) [¶] Issues concerning the defendant's guilt or innocence are not cognizable on appeal from a guilty plea. (*Hoffard, supra,* 10 Cal.4th at p. 1178; *In re Chavez, supra,* 30 Cal.4th at p. 649.) By admitting guilt a defendant waives an appellate challenge to the sufficiency of the evidence of guilt. (*People v. Thurman* (2007) 157 Cal.App.4th 36, 43-44; see *People v. Martin* (1973) 9 Cal.3d 687, 693-694.) The same restrictions on appellate issues apply after a no contest plea (cf. *People v. Shults* (1984) 151 Cal.App.3d 714, 719; see *Wallace, supra,* 33 Cal.4th at p. 749) and the admission of an enhancement (*People v. Lobaugh* (1987) 188 Cal.App.3d 780, 785.)"

Defendant also asserts that Kenny Luu was not his attorney at the time of his plea. This claim contradicts the record on appeal, which shows Luu appearing on defendant's behalf without protest from defendant. If defendant has in mind other facts not appearing in the record, they must be presented by petition for writ of habeas corpus and not by appeal. (*In re Bower* (1985) 38 Cal.3d 865, 872.)

We have reviewed defendant's letter and the record on appeal without finding any arguable issue.

## VI. DISPOSITION

The judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Rushing, P.J.

_____

Márquez, J.