Filed 12/2/14  P. v. Parent CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO PARENT,<br><br>        Defendant and Appellant. | E060736<br><br>(Super.Ct.No. RIC1208846)<br><br>**OPINION** |

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed, Judge. Affirmed.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Senior Assistant Attorney General, Charles C. Ragland, and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

# I

## INTRODUCTION

On October 25, 2012, a felony complaint, case No. RIF1208846, charged defendant and appellant Antonio Parent with corporal injury on a spouse or former spouse under Penal Code[1] 273.5, subdivision (a) (count 1); making a criminal threat under section 422 (count 2); and dissuading a witness under section 136.1, subdivision (c) (count 3). On November 5, 2012, defendant pled guilty to count 2, in exchange for a two-year suspended prison sentence and formal probation. The court granted defendant formal probation for a period of 36 months. Some of the terms of defendant's probation required defendant to obey all laws, and not knowingly possess or have immediate access to firearms, weapons or ammunition.

On February 27, 2013, the People filed a petition to revoke defendant's probation, alleging that he violated the terms of his probation by possessing ammunition under section 30305, subdivision (a).

On November 15, 2013, the People filed a misdemeanor complaint, case No. RIF1208846, charging defendant with being under the influence of a controlled substance under Health and Safety Code section 11550, subdivision (a). The People also alleged that, as a result of the new charge, defendant was in violation of his probation in case No. RIF1208846.

---

[1]     All statutory references are to the Penal Code unless otherwise specified.

On March 4, 2014, the trial court held a probation revocation hearing and found that defendant violated the terms of his probation by possessing ammunition.[2] The court then ordered the previously suspended two-year prison sentence to take effect.

On March 6, 2014, defendant filed a notice of appeal. On appeal, defendant contends that the trial court abused its discretion in revoking defendant's probation because he did not have possession of ammunition. For the reasons set forth below, we shall affirm the trial court's revocation of defendant's probation.

## II

## STATEMENT OF FACTS

On January 4, 2013, probation officers conducted a compliance check of defendant's home and found two boxes of ammunition in a dresser drawer of the bedroom that defendant shared with his girlfriend. Defendant admitted that he knew the ammunition was there.

---

[2] Although the record is not clear, it appears that the prosecutor chose not to pursue the allegation that defendant violated probation by being under the possession of a controlled substance, as charged in case No. RIF1208846.

3

# III

# ANALYSIS

A. *The Trial Court Properly Revoked Defendant's Probation*

Defendant contends that the trial court erred in revoking defendant's probation based on its finding that defendant constructively possessed ammunition in violation of section 30305, subdivision (a).

1. *Background*

On January 4, 2013, Riverside County Probation Officer Guillermo Urquiza conducted a probation search of defendant's house. Several other law enforcement officers assisted Officer Urquiza in the search, including Riverside District Attorney Investigator Robert Kwan. While the assisting officers searched the home, Officer Urquiza remained in the living room with defendant and Nora Limon, the other occupant of the home. During casual conversation, defendant told the officer that he and Limon had been living together in the home for about two years and shared the master bedroom.

Investigator Kwan searched the master bedroom. In one of the dressers, he found two boxes of .380 caliber ammunition in separate unlocked drawers. Investigator Kwan went over to Officer Urquiza, who was still waiting with defendant and Limon in the living room. Investigator Kwan told Officer Urquiza what the investigator found. When Officer Urquiza asked defendant whether he knew there was ammunition in the bedroom, he confirmed that he did.

Limon testified that she was defendant's girlfriend. She stated that she and defendant shared the same home she had resided in with her late husband, who kept a

4

number of guns. When her husband died, Limon got rid of all his guns, with the exception of a Bersa .380 caliber pistol, which she stored in a dresser drawer in her bedroom. Limon kept ammunition for the gun in the same drawer.

When defendant moved in, they agreed to share one of the dressers in the bedroom; she used the left side and he used the right side of the dresser. Limon admitted telling defendant that she kept a gun and ammunition in her drawer. In November 2012, she pawned the gun because she knew defendant could not have a weapon at his disposal. She, however, kept the ammunition and continued to store it in her dresser drawer. Limon did not know if defendant had ever looked in her drawers, but affirmed that he had access to the bedroom and was free to come and go into the room as he pleased. Moreover, on numerous occasions, defendant had free reign of the house when she was not there.

2. *Standard of review*

"Trial courts are granted great discretion in deciding whether or not to revoke probation. [Citation.]" (*People v. Kelly* (2007) 154 Cal.App.4th 961, 965.) Section 1203.2, subdivision (a) states, in relevant part, "the court may revoke and terminate [probation] if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of the conditions of his or her [probation] . . . ." Subdivision (c) of that section provides, in relevant part: "Upon any revocation and termination of probation the court may, if the sentence has been suspended, pronounce judgment for any time within the longest period for which the person might have been sentenced." At a probation

5

revocation hearing, proof of facts supporting the revocation of probation may be made by a preponderance of the evidence. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 447.) "[O]nly in a very extreme case should [a reviewing] court interfere with the discretion of the trial court in the matter of . . . revoking probation." (*Id.* at p. 443.) A trial court's determination should not be disturbed on appeal absent "a showing of abusive or arbitrary action. [Citations.]" (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.) "[T]he burden of demonstrating an abuse of the trial court's discretion rests squarely on the defendant. [Citation.]" (*Ibid.*)

3. *Defendant had constructive possession of the ammunition*

Section 30305, subdivision (a)(1), makes it illegal for any person convicted of a felony to possess ammunition. (§ 30305, subd. (a)(1).) Possession may be either actual or constructive, and more than one person may possess the same item. (*In re Daniel G.* (2004) 120 Cal.App.4th 824, 831.)

A defendant has actual possession when the prohibited item "is in his *immediate* possession or control." (*People v. Pena* (1999) 74 Cal.App.4th 1078, 1083, italics added.) By contrast, constructive possession exists where a defendant knowingly *controls* or *maintains the right to control* the prohibited item, either directly or through another person. (*Armstrong v. Superior Court* (1990) 217 Cal.App.3d 535, 539; *Pena, supra,* at pp. 1083-1084; *People v. Mejia* (1999) 72 Cal.App.4th 1269, 1272.) Constructive possession of a prohibited item may also be established where a defendant is found to have the right to exercise dominion and control over the place where it is

6

found.  (*People v. Rushing* (1989) 209 Cal.App.3d 618, 622.)  Exclusive possession of the premises is not required.  (*People v. Kortopates* (1968) 264 Cal.App.2d 176, 180.)

In this case, law enforcement officers found two boxes of ammunition in the bedroom defendant shared with Limon.  Defendant lived, slept, and kept his belongings at this residence for several years; it was reasonable for the trial court to infer that defendant had dominion and control over the dresser and ammunition inside, even though he was not the sole occupant in the bedroom.  (See *People v. Jenkins* (1979) 91 Cal.App.3d 579, 584 [inference of dominion and control is easily made when contraband is found in the residence].  Moreover, joint occupancy of the place where contraband is found lends support to an inferential showing of constructive possession.  (*People v. Poe* (1958) 164 Cal.App.2d 514, 516.)

Notwithstanding, defendant argues that he never exercised dominion and control over the ammunition because there is no evidence that he ever looked at it, touched it, or even knew where it was stored.  Defendant's argument lacks merit because when the police found the ammunition, he admitted that he knew it was in the bedroom that he shared with Limon, and more specifically, that he knew it was in the dresser drawer.

Moreover, defendant contends that Limon was the only person who exercised dominion and control over the ammunition because the two boxes were in her drawers, on the left side of the dresser.  We agree with the trial court's assessment of the case that "[t]here was nothing stopping him from going in that drawer and doing whatever he wanted to do with the ammo."  Here, no measures had been taken to limit defendant's access to any of the drawers.  Therefore, it was reasonable for the trial court to believe

that defendant and Limon exercised joint dominion and control over the dresser. (See *People v. Roberts* (1964) 228 Cal.App.2d 722, 726 ["the fact that other persons had access to the premises in which the [contraband] was found does not negative a finding of joint possession and control."].)

We further note that Limon testified that she had previously kept a firearm in the same drawer as the ammunition and defendant knew she kept it there. Limon, however, explained that she pawned the firearm because she knew it was a violation of defendant's probation to have a weapon "at his disposal." As the trial court observed, if Limon believed that the firearm in her drawer was at defendant's disposal, then the ammunition kept in the same drawer was equally at defendant's disposal.

*Rushing*, *supra*, 209 Cal.App.3d 618, is instructive on the issue of contraband found in a shared home. In *Rushing,* police searched a two-bedroom apartment occupied by defendant and three others. In one of the bedrooms, police discovered cocaine hidden in the false bottom of a WD-40 can. In a desk in that same room, police discovered court documents containing the defendant's name and signature. The defendant was sleeping in the other room where police found more court documents with the defendant's name and signature along with sheets of paper that police believed to be a ledger to record drug sales. One of the entries corresponded with the amount of cocaine found in the WD-40 can. (*Id.* at p. 620.) The court explained that the evidence showed the defendant had access to private areas of the house (i.e., areas generally considered to be the dominion of persons with possessory rights) and left important documents in these locations that provided sufficient evidence that he had the right to exercise dominion and control over

8

the apartment where the cocaine was stored. (*Id.* at p. 622.) The sheets of paper provided further evidence of the defendant's dominion and control over the contraband itself. (*Ibid.*)

The facts in this case are stronger than the facts in *Rushing*, *supra*, 209 Cal.App.3d 618, to show that defendant had dominion and control over the ammunition. Here, defendant shared the home with only one other person, slept in the bedroom where the ammunition was found, and used multiple drawers of the dresser to store his clothes and belongings. Defendant admitted that he knew the ammunition was in the dresser, had unfettered access to the bedroom, and had full reign over the entire house in Limon's absence. Therefore, as in *Rushing*, the trial court's finding, that defendant had dominion and control over the location where ammunition was found, is supported by substantial evidence.

Defendant cites to *People v. Zyduck* (1969) 270 Cal.App.2d 334, *People v. Martin* (1973) 9 Cal.3d 687, and *People v. Myles* (1975) 50 Cal.App.3d 423, to support his argument that possession cannot be inferred merely because he shared a room in which the ammunition was found. Defendant's reliance on these cases is misplaced because the facts of those cases are distinguishable. In each of those cases, a defendant was charged with possession of stolen property after police stopped a car in which the defendant was a passenger, and discovered stolen items inside. (*Ibid.*) In each case, the respective courts held that the mere presence of a non-owner passenger in a car is insufficient to establish that the defendant was "in possession" of the stolen property. (*Ibid.*) The facts in this case are different. Here, defendant was not merely present at the home when the

9

ammunition was found.  Instead, defendant lived at the residence.  Unlike the non-owner passengers in the car, defendant had a right to exercise dominion and control over items in his bedroom, including the ammunition, because it is an area "generally considered to be the domain of persons with possessory rights." (*Rushing*, *supra*, 209 Cal.App.3d at p. 622.)

Moreover, defendant argues that the trial court abused its discretion because it misunderstood the law of possession, believing that defendant's knowledge of and access to the ammunition was sufficient to show possession.  Again, defendant's argument has no merit.  In support of his argument, defendant continues to rely on *People v. Martin*, *supra*, 9 Cal.3d 687, and *People v. Zyduck*, *supra*, 270 Cal.App.2d 334.  However, as discussed above, the cases do not apply to this case because the facts in our case are distinguishable.  Moreover, defendant fails to acknowledge that the California Supreme Court has long held possession to be a right not exclusive to one individual, but may be imputed through joint dominion and control. (*People v. Williams* (1971) 5 Cal.3d 211, 215.)  Where, as here, a court has evidence that a defendant knows of the contraband and exercises joint dominion and control over the place where it is found, possession is established.  (See *Rushing*, *supra*, 209 Cal.App.3d 618.)

In view of the totality of the circumstances and the above stated legal principles, we find sufficient evidence was presented at trial for a rational trier of fact to reasonably infer that defendant knowingly exercised control or the right to control the ammunition and therefore constructively possessed it.

10

## IV

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
J.

We concur:

HOLLENHORST
Acting P. J.

CODRINGTON
J.