[Crim. No. 23403. Second Dist., Div. Five. Nov. 27, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
RAMON JOE MENDEZ, Defendant and Appellant.

## COUNSEL

Howard Allen Levy for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, and William R. Pounders, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**ASHBY, J.**—Defendant was charged in count I of the information with possession of heroin for sale (former Health & Saf. Code, § 11500.5),[1] in count II with burglary (Pen. Code, § 459), and in count III with receiving stolen property (Pen. Code, § 496). He pleaded not guilty. A motion under section 1538.5 of the Penal Code, submitted on the preliminary hearing transcript, was denied. Defendant withdrew his not guilty plea to count I and pleaded guilty, upon appropriate waivers (*Boykin* v. *Alabama,* 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl,* 1 Cal.3d 122 [81

---

[1]Current section 11351. Statutes 1972, chapter 1407.

Cal.Rptr. 577, 460 P.2d 449]), to simple possession of heroin (former Health & Saf. Code, § 11500),[2] a lesser included offense to that charged. The guilty plea was the result of a plea bargain pursuant to which the two remaining counts were to be dismissed and an alleged prior felony conviction was to be stricken. Following diagnostic studies pursuant to section 1203.03 of the Penal Code, defendant was sentenced to state prison. The sentence was suspended and defendant was placed on five years' probation, conditioned, among other things, upon his spending the first year in county jail. Credit was allowed for 95 days already served. He appeals from the judgment (order granting probation).

Richard Salazar had been a narcotic investigator for the City of Los Angeles for one and one-half years. He had been a police officer for eight years and had qualified in court as an expert on the use and sale of narcotics. At about 8 p.m., February 11, 1972, Salazar had under surveillance the El Bandolero Cantina and Bar at Alabama Street and Sherman Way. Salazar had gone to the location because of information from numerous informants during the preceding month that narcotics transactions were taking place at the bar. The most recent such information had come to Salazar the previous day.

Salazar observed a known narcotic user, one Rafael Bracamonte, approach defendant in front of the bar. Bracamonte appeared to hand something to defendant. Defendant removed an object from his mouth and handed it to Bracamonte, who placed it in his own mouth and walked away. Defendant went into the bar. Salazar concluded that a narcotic transaction had taken place. Although he had been unable to see what the object was which passed from defendant's mouth to Bracamonte's mouth, the officer knew that this was a method employed by narcotics dealers so that if confronted by police they could swallow the contraband in their possession.

At about 9:30 p.m. defendant came out of the bar and walked to a 1955 Chevy station wagon which Salazar had earlier seen him park in front of the location. Defendant stood by the hood latch, looked up and down Sherman Way, then opened the hood, reached into the radiator area, removed something which he placed in his mouth, closed the hood and reentered the bar. At about 10 p.m. defendant again came out of the bar and repeated the procedure at the car, removing something from inside the hood and placing it in his mouth. Defendant returned to the bar.

At about 10:20 p.m. defendant left the bar with another man, entered

---

[2]Current section 11350. Statutes 1972, chapter 1407.

the passenger side of the Chevy and engaged in a conversation with the other man who had remained outside the vehicle. Salazar approached defendant. Defendant got out of his vehicle and locked the door. Salazar identified himself, advised defendant that he was conducting a narcotics investigation, opened the hood of defendant's vehicle[3] and found two plastic Baggies containing multiple balloons which Salazar believed, and analysis confirmed, were filled with heroin. Defendant was arrested.

On this appeal he contends that the search of the vehicle was unlawful under standards set forth in *Chimel* v. *California,* 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034]. *Chimel,* however, expressly exempted automobiles from the rules it established for searches of stationary premises where, because of the vehicle's mobile character, it is impracticable to obtain a warrant. (395 U.S. at p. 764, fn. 9 [23 L.Ed.2d at p. 694].) The vehicle search in the present case was reasonable if, at the time the officer acted, he had probable cause to believe the vehicle contained contraband. (*Brinegar* v. *United States,* 338 U.S. 160 [93 L.Ed. 1879, 69 S.Ct. 1302]; *Carroll* v. *United States,* 267 U.S. 132 [69 L.Ed. 543, 45 S.Ct. 280, 39 A.L.R. 790]; *People* v. *Laursen,* 8 Cal.3d 192 [104 Cal.Rptr. 425, 501 P.2d 1145].)

The officer's observations, in the light of his prior expertise, gave him ample cause to believe that contraband was in fact contained under the hood of the car. We know of no legal substance which is sold from mouth to mouth, nor of one which might logically be stored for sale under the hood of an automobile until transferred to the mouth of the seller. The instant case is thus clearly distinguishable from *People* v. *Conley,* 21 Cal. App.3d 894 [98 Cal.Rptr. 869], wherein the "furtive gesture" might have betokened an effort to secrete a set of keys or other lawfully possessed valuable item. The transaction observed herein is distinguishable, as well, from those in *Remers* v. *Superior Court,* 2 Cal.3d 659 [87 Cal.Rptr. 202, 470 P.2d 11], and *Cunha* v. *Superior Court,* 2 Cal.3d 352 [85 Cal.Rptr. 160, 466 P.2d 704], the first involving a tinfoil package which also might logically have contained a lawful substance, the second involving an indiscernible item carried in the apparent seller's pants' pocket. (Cf. *Filitti* v. *Superior Court,* 23 Cal.App.3d 930 [100 Cal.Rptr. 583].)

Apparently through oversight at the time of sentencing, no disposition was made of the two remaining counts and the alleged prior conviction. In keeping with the plea bargain the judgment is hereby modified to pro-

---

[3]Defendant told Salazar the vehicle was his.

vide that counts II and III are dismissed and the alleged prior conviction is stricken.

As so modified, the judgment (order granting probation) is affirmed.

Kaus, P. J., and Stephens, J., concurred.