[Civ. No. 60651. Second Dist., Div. Four. Mar. 3, 1981.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
CHARLES GILBERT, Real Party in Interest.

COUNSEL

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

H. Clay Jacke for Real Party in Interest.

OPINION

FILES, P. J.—This is a mandate proceeding brought by the People to review an order of the respondent court under Penal Code section 1538.5 suppressing the contents of a plastic baggie which had been taken from the closed engine compartment of an automobile.

In the underlying superior court action the defendant (real party in interest here) was charged with possession of phencyclidine, commonly known as PCP, for sale in violation of Health and Safety Code section 11378.5. The motion to suppress was submitted upon the testimony of Deputy Sheriff McCann received at the preliminary examination. The material facts are simple and undisputed. The trial judge stated that he fully credited the testimony of the People's witness.

Deputy McCann testified that, at 5 a.m. on October 27, 1979, he and his partner in uniform were patrolling in a marked sheriff's vehicle looking for a stolen car which had been reported to be in the area. They saw a 1964 Chevrolet parked on private property with the engine compartment hood up. Defendant was standing in front of the Chevrolet and "numerous" persons were standing to the rear of it. McCann stopped his vehicle about 15 or 20 feet away from the Chevrolet and switched on his alley light, which illuminated the defendant and the car. At that time he detected the odor of phencyclidine. Officer McCann then saw defendant place what appeared to be a plastic baggie in the engine compartment of the Chevrolet and close the hood. Officer McCann then requested assistance. While waiting for the backup unit he stepped out of his vehicle and approached defendant and asked him "to stay around the area." The odor of PCP seemed to be coming from the engine compartment of the Chevrolet.

When the backup unit of two officers arrived, McCann asked one of them to look in the engine compartment. That officer reached into the compartment, picked up the plastic baggie and gave it to McCann. The bag had the odor of phencyclidine. McCann approached defendant and found that the same odor was about him. Defendant was then arrested.

The plastic baggie contained a bottle of liquid containing PCP and five bindles of plant material treated with PCP.

At least three reported decisions have upheld a seizure from the engine compartment of an automobile upon a showing of probable cause to believe contraband would be found there. In *People* v. *Doherty* (1967) 67 Cal.2d 9, 22 [59 Cal.Rptr. 857, 429 P.2d 177], the seizure was upheld as incident to an arrest. In *People* v. *Mendez* (1973) 35 Cal.App.3d 606, 609 [110 Cal.Rptr. 894], the court observed that the vehicle was mobile and that it was impractical to obtain a warrant. In *People* v. *Green* (1971) 15 Cal.App.3d 766 [93 Cal.Rptr. 433], the court upheld the seizure of a shotgun concealed under the hood, which otherwise might have been used against the officers and others.

These decisions, each resting on its particular facts, must be read as a part of a much larger body of law determining when and to what extent a warrantless search of a closed compartment of an automobile is justified. ▮ The more recent decisions have made it clear that the

so-called "automobile exception" does not necessarily permit searches of all parts of the vehicle and its contents on nothing more than a showing of probable cause to believe that the vehicle contains contraband. Because of the greater expectation of privacy of a closed container, courts have held that probable cause to search the passenger compartment does not justify a warrantless search of the trunk compartment (*Wimberly* v. *Superior Court* (1976) 16 Cal.3d 557 [128 Cal.Rptr. 641, 547 P.2d 417]), a tote bag found inside the car trunk (*People* v. *Minjares* (1979) 24 Cal.3d 410 [153 Cal.Rptr. 224, 591 P.2d 514]), a suitcase (*Arkansas* v. *Sanders* (1979) 442 U.S. 753 [61 L.Ed.2d 235, 99 S.Ct. 2586]), a foot locker (*United States* v. *Chadwick* (1977) 433 U.S. 1 [53 L.Ed.2d 538, 97 S.Ct. 2476]), or metal boxes found inside a trunk which had been legitimately opened (*People* v. *Dalton* (1979) 24 Cal.3d 850 [157 Cal.Rptr. 497, 598 P.2d 467]).

In *Wimberly* although the court found a trunk search to be unlawful, the court said at page 573: "We do not conclude, however, that trunk searches are never justified when the quantity of contraband found is indicative only of personal use. Rather, we recognize that additional circumstances may generate the reasonable suspicion necessary to justify the further intrusion."

More recently, in *Minjares* the court made clear that the invasion of a closed compartment of a motor vehicle is not necessarily the same as a search of luggage found in the vehicle. The court said at page 423 of 24 Cal.3d: "Police officers may, if they have probable cause, under certain circumstances search the interior of a car and, with further probable cause, its trunk. However, the factors underlying the 'automobile' exception do not support a warrantless search of closed personal effects found within an automobile."

■ In the present case Officer McCann had probable cause to believe that contraband would be found in the engine compartment. He smelled PCP, and he saw the kind of bag commonly used for illicit drugs hastily deposited under the hood of the parked Chevrolet. The smell followed the bag.

The officer's action in opening the hood and removing the bag was a search only in the most limited sense of the term. There was no exploration of a closed area. The deputy simply seized an object which had been in plain sight a few moments earlier.

The record also shows exigent circumstances requiring the officer to act promptly to seize the contraband. It was 5 a.m. and "numerous persons," whose interest in the vehicle and the drug was unknown, were present in addition to the suspect. The four deputies who were present had been diverted from other activity in order to investigate the suspect and his car. "Securing" the car by standing guard would have further detained these deputies from their other responsibilities. Assuming it was possible to move the car at that hour of the morning, the baggie and contents could be damaged by the heat or lost by falling out, since an engine compartment ordinarily has no floor.

In sum, the intrusion by reaching into the engine compartment was minimal, and the circumstances offered no practical alternative. The searches of automobile trunks, foot lockers and personal luggage, which were found to be unlawful in the cited cases, are in no way comparable. Upon the record here the seizure of the plastic baggie was lawful.

Let a peremptory writ of mandate issue requiring the respondent court to vacate its order of September 16, 1980, by which it granted the defendant's motion to suppress evidence in the action entitled People v. Charles Gilbert, No. A 354808, and to make a new order denying the motion to suppress.

Kingsley, J., and McClosky, J., concurred.