[No. F007438. Fifth Dist. Dec. 23, 1987.]

THE PEOPLE, Plaintiff and Appellant, v.
REGGIE EUGENE LEONARD, Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

## COUNSEL

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Joel Carey, Deputy Attorney General, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## OPINION

THAXTER, J.*—After a preliminary hearing, Reggie Eugene Leonard, defendant below, was charged by information with a felony violation of section 11351 of the Health and Safety Code, possession of cocaine for purpose of sale, and a misdemeanor violation of Health and Safety Code section 11357, subdivision (b), possession of not more than 28.5 grams of marijuana. It was alleged in conjunction with the felony count that Leonard had suffered a prior conviction within the meaning of Penal Code section 667.5, subdivision (b). At his arraignment, Leonard pleaded not guilty and denied the enhancement allegation.

Leonard brought a motion pursuant to Penal Code section 1538.5 to suppress the contraband, subject of the charges, as it was seized in violation of his Fourth Amendment rights. The trial court received the parties' points and authorities and held a hearing on June 20, 1986. On July 2, the trial court granted the motion and dismissed the charges.

The People filed a timely notice of appeal.

### FACTS

On the evening of February 12, 1986, two officers in a marked patrol car stopped a Chevrolet El Camino being driven by Leonard and occupied by two passengers. The officers had seen the car partially blocking traffic and,

* Assigned by the Chairperson of the Judicial Council.

when they turned the patrol car around to investigate, noted the car had no current registration tags and a defective taillight.

The investigating officer, Smith, asked Leonard to alight and questioned him on the curb. Leonard produced a valid California driver's license but had no registration material on the car. He claimed a friend, Raylon, with whom he was staying, had lent him the car. He did not know Raylon's last name even though he claimed to have known Raylon for a year. Neither did he know Raylon's address. The assisting officer, Calvillo, ran a computer check both on Leonard's driver's license and on the registration of the car.

No warrants were outstanding on Leonard but the dispatcher told the officer that the computer check on the car indicated the car had been repossessed a little over two weeks earlier. At the suppression hearing, it was revealed that the owner of the car, Joan Thomas, Raylon's mother, regained possession of the car the day after it had been repossessed. This information was not in the computer.

Calvillo, upon receiving the information on the repossession, thought the car may have been stolen. He approached the passengers and asked them for identification. Neither had written identification. Calvillo asked them to get out of the car and frisked them. It was at this point he noted a baggie of a green leafy substance stuck in the empty speaker hole in the passenger car door. A thorough search of the car revealed other contraband.

Defendant moved to suppress claiming that the inaccurate repossession information could not support the request to the passengers to exit the vehicle (*People* v. *Ramirez* (1983) 34 Cal.3d 541 [194 Cal.Rptr. 454, 668 P.2d 761]), invalidating the officer's "plain view" of the contraband in the door. The trial court granted the motion to suppress, finding *Ramirez* controlling. Although the district attorney raised the issue of Leonard's standing, the trial court did not expressly rule on the issue. In granting the motion, however, the court by necessary implication found Leonard had standing.

The People appeal attacking Leonard's standing and the applicability of *People* v. *Ramirez*. Leonard has filed no respondent's brief.

DISCUSSION

I

WHETHER LEONARD HAS STANDING TO CHALLENGE THE OFFICER'S "PLAIN VIEW" SEIZURE OF CONTRABAND.

■ Appellant claims Leonard has no standing to complain about the seizure of the baggie because its exposure to plain view was the result of a

violation, if any, of the passengers' Fourth Amendment rights to be free from unreasonable searches and seizures, not Leonard's.

■ The term "standing" has persisted despite the court's clarification in *Rakas* v. *Illinois* (1978) 439 U.S. 128, 133 [58 L.Ed.2d 387, 394, 99 S.Ct. 421], that the inquiry is not properly one of standing but is "one involving the substantive question of whether or not the proponent of the motion to suppress has had his own Fourth Amendment rights infringed by the search and seizure which he seeks to challenge." Under *Rakas* and other controlling federal decisions the appropriate inquiry is whether or not the police intruded upon Leonard's justified expectation of privacy. ■ On appeal, we review the matter of standing as a question of law, against the backdrop of facts as found by the trial court.

■ A person, such as Leonard, who has the owner's permission to use a vehicle and is exercising control over it has a legitimate expectation of privacy in it. (*United States* v. *Rose* (8th Cir. 1984) 731 F.2d 1337, 1343; *United States* v. *Williams* (8th Cir. 1983) 714 F.2d 777, 779, fn. 1; *United States* v. *Portillo* (9th Cir. 1980) 633 F.2d 1313, 1317; *People* v. *Naranjo* (Colo. 1984) 686 P.2d 1343, 1346.) ■ Appellant does not argue otherwise. Instead, appellant argues that the controversy here centers on Calvillo's justification for ordering the two passengers from the car and asserts that Calvillo's conduct did not violate Leonard's expectations of privacy.

Appellant contends "the passengers' use of the passenger door was beyond Leonard's reasonable control: they might have gotten out of the car on their own at any time." This argument, however, does not fit the facts. The passengers did not open the passenger door and exit the car voluntarily. They did so only as the direct, natural result of police conduct, i.e., Calvillo's request to do so. It was only because of that conduct that the baggie stuck in the speaker hole became visible to the officers. For purposes of the standing issue we see no difference between an officer's directing a passenger to open the door and opening the door himself. In either case the door was opened, thereby exposing the car's interior to view, because of police conduct. A person with a legitimate expectation of privacy in the car's interior has standing to challenge the police conduct under these circumstances. (*Rakas* v. *Illinois, supra,* 439 U.S. at p. 140 [58 L.Ed.2d at p. 399].)

Appellant's position implies that only the passengers have standing to complain of Calvillo's direction to exit the vehicle. ■ It is clear, however, that more than one person's interests may be violated by a single act of governmental intrusion. The best analogy seems to be to a dwelling. If the authorities legally entered a dwelling owned or rented by the defendant, but illegally expanded their search to include a room where a houseguest was staying, then *both* the defendant and the houseguest might have standing to

challenge the search of that room. (See *People* v. *Hamilton* (1985) 168 Cal.App.3d 1058, 1065-1066 [214 Cal.Rptr. 596]; see also *United States* v. *Echegoyen* (9th Cir. 1986) 799 F.2d 1271, 1277; *United States* v. *Guerrero* (9th Cir. 1984) 756 F.2d 1342, 1348.) If the evidence is found on the person or in the personal belongings of the houseguest, then probably the owner will lose the right to complain (see *Rawlings* v. *Kentucky* (1980) 448 U.S. 98, 106 [65 L.Ed.2d 633, 642, 100 S.Ct. 2556]); but if the evidence is seized from "plain view" in the room, both should retain standing. The fact that either the owner or the houseguest could have consented to a search of the room does not vitiate their shared legitimate expectation of privacy in the room. (*People* v. *Hamilton, supra,* 168 Cal.App.3d at p. 1066.) And, if that expectation is defeated by illegal police conduct, then both or either should be able to complain.

■ So too here. By ordering the passengers out the officers not only potentially violated their rights to be free of unreasonable searches and seizures, but also infringed on Leonard's legitimate privacy interests in the interior of the car. We hold that Leonard had standing to challenge the search and seizure. Thus, we must consider the merits of his challenge.

## II*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The orders dismissing the information and granting the Penal Code section 1538.5 motion are reversed and the matter is remanded to the trial court.

Best, Acting P. J., and Ballantyne, J., concurred.

---

* See footnote, *ante,* page 235.