[No. B045662. Second Dist., Div. Five. Apr. 8, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
HANA MARTINS, Defendant and Appellant.

**COUNSEL**

Efrem A. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, John R. Gorey and Robert S. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.—**

### I. INTRODUCTION

Defendant Hana Martins appeals from a judgment of conviction for grand theft of personal property in violation of Penal Code section 487, subdivision 1.[1] The sole contention of defendant is that the motion to suppress evidence pursuant to section 1538.5 should have been granted. We determine that defendant could not even contest the validity of the search and seizure and therefore affirm the judgment.

### II. PROCEDURAL AND FACTUAL MATTERS

The information alleged that defendant took money and jewelry from Alana Stewart thereby committing the felony of grand theft. Additionally, the information contained allegations that the value of the property which was taken exceeded $100,000 within the meaning of sections 1203.045, subdivision (a) and 12022.6, subdivision (b). In superior court, defendant moved to suppress the results of a search of a suitcase in East Newark, New Jersey pursuant to section 1538.5. The evidence that was received consisted of the transcript of the preliminary hearing testimony of Jose C. Fernandes (Fernandes) as well as the live testimony of several other witnesses at the superior court hearing. The trial court found that defendant had "standing" to object to the warrantless search by East Newark, New Jersey Police Officers, Kenneth Sheehann and Kenneth Lindsay. After finding that defendant had "standing" to object to the New Jersey search, further testimony was received on the issue of whether the warrantless search was valid because the officers relied upon a consent given by a person with apparent authority to authorize the opening of the suitcase. Since we determine that the trial court erroneously determined as a matter of law that defendant could object to the search, we will not discuss the consent question.

Since the superior court judge resolved the "standing" issue favorably to defendant, we will synthesize the evidence on that issue in a light most favorable to the trial court's ruling on the question of whether defendant could even seek suppression of evidence pursuant to section 1538.5. (*People v. Manning* (1973) 33 Cal.App.3d 586, 603 [109 Cal.Rptr. 531].)[2] Maria

---

[1] All further statutory references are to the Penal Code.

[2] After the court denied the suppression of evidence motion, a trial ensued and defendant was convicted of grand theft. The special allegations pursuant to sections 1203.045, subdivision (a) and 12022.6, subdivision (b) were found to be untrue. Defendant was sentenced to prison.

Gamio (Gamio) testified that on July 5 or 6, 1988, she received a telephone call from defendant. During the conversation, defendant asked Gamio to send a suitcase from Los Angeles International Airport for defendant. Later, defendant accompanied Gamio to the airport along with a suitcase. Defendant and Gamio went to a "cargo area" and defendant prepared some paperwork to send the suitcase to Fernandes in New Jersey. Defendant did not place her name on the shipping documents. Gamio placed her own name on the shipping paperwork. Gamio did this at defendant's request. Defendant's name did not appear anywhere on the airline shipping papers. Defendant's name was not on the suitcase. An employee of Continental Airlines identified the airway bill which was used to ship the suitcase. Defendant's name was not on the document.

The parties stipulated that the trial court could consider the testimony contained in the preliminary examination transcript given by Fernandes, a resident of East Newark, New Jersey. On the weekend before July 4, 1988, he received a telephone call from defendant. She asked him to go to Portugal and take a suitcase for her. Fernandes agreed to take defendant's suitcase to Portugal on her behalf. Fernandes expected to depart for Portugal on July 20, 1988. When the suitcase arrived in New Jersey, Fernandes asked a person named Christopher to pick up the suitcase at the airport. Christopher secured the suitcase and brought it to the Fernandes residence in East Newark. After the suitcase arrived, defendant had a telephone conversation with Fernandes in which she said that her best clothing was in the suitcase. Defendant also stated that she still had the key to the suitcase. Fernandes told her that he "would have to open the suitcase" when he cleared customs in Portugal.

At 1:30 a.m. on July 9, 1988, East Newark police officers came to the Fernandes residence. He gave the officers permission to open the suitcase. Detective Kenneth Lindsay of the East Newark Police Department examined the exterior and interior of the suitcase he secured from Fernandes. There was no "paperwork or clothing labels or anything at all" which contained defendant's name. This constituted all of the testimony that was presented prior to the trial court's ruling that defendant had a legitimate expectation of privacy over the contents of the suitcase thereby permitting her to contest the validity of the search and seizure.

### III. DISCUSSION

Defendant did not sustain her burden of proving that she had a reasonable expectation of privacy concerning the contents of the locked suitcase.

Based upon the foregoing facts when taken in a light most favorable to defendant, we conclude that she does not have the right to contest

the search and seizure that occurred in East Newark, New Jersey. Prior to the decision of the Supreme Court in *Rakas* v. *Illinois* (1978) 439 U.S. 128, 133 [58 L.Ed.2d 387, 394, 99 S.Ct. 421], federal and state courts utilized the term "standing" to describe whether a defendant could move to suppress evidence because of an unlawful search and seizure. In *Jones* v. *United States* (1960) 362 U.S. 257, 261 [4 L.Ed.2d 697, 702, 80 S.Ct. 725, 78 A.L.R.2d 233], the court determined that a defendant, in order to raise the issue of the validity of a search, "must have been a victim of a search or seizure."[3] In *United States* v. *Calandra* (1974) 414 U.S. 338, 348 [38 L.Ed.2d 561, 571-572, 94 S.Ct. 613], the United States Supreme Court held: "Thus, standing to invoke the exclusionary rule has been confined to situations where the Government seeks to use such evidence to incriminate the victim of the unlawful search." ■ In *Rakas* v. *Illinois, supra,* 439 U.S. at page 133 [58 L.Ed.2d at page 394], the Supreme Court disapproved of the use of the term "standing" in Fourth Amendment litigation by noting "that the inquiry is not properly one of standing but is 'one involving the substantive question of whether . . . the proponent of the motion to suppress has had his [or her] own Fourth Amendment rights infringed by the search and seizure which he [or she] seeks to challenge.'" (*People* v. *Leonard* (1987) 197 Cal.App.3d 235, 239 [242 Cal.Rptr. 757].) Of course, "[t]he proponent of a motion to suppress has the burden of establishing that [her or] his own Fourth Amendment rights were violated by the challenged search or seizure." (*Rakas* v. *Illinois, supra,* 439 U.S. at pp. 130-131, fn. 1.) In evaluating whether a defendant has a reasonable expectation of privacy, the United States Supreme Court has emphasized that concepts of property law do not "control the ability to claim the protections of the Fourth Amendment." (*Rawlings* v. *Kentucky* (1980) 448 U.S. 98, 105-106 [65 L.Ed.2d 633, 642, 100 S.Ct. 2556].)

■ In analyzing whether defendant had a reasonable expectation of privacy over the locked suitcase in East Newark, New Jersey, we begin by noting that she had no reasonable expectation of privacy concerning a search of the Fernandes home. In *Brown* v. *United States* (1973) 411 U.S. 223, 229 [36 L.Ed.2d 208, 214, 3 S.Ct. 1565], the court, utilizing the pre-*Rakas* "standing" language held: "In deciding this case, therefore, it is sufficient to hold that there is no standing to contest a search and seizure where, as here, the defendants: (a) were not on the premises at the time of the contested search and seizure; (b) alleged no proprietary or possessory interest in the premises; and (c) were not charged with an offense that includes, as an essential element of the offense charged, possession of the

---

[3] As Professor Wayne R. LaFave in his treatise on the Fourth Amendment aptly noted, "Just who should be deemed a 'victim of the search' under this line of reasoning is a difficult and provocative question . . . ." (4 LaFave, Search and Seizure (2d ed. 1987) § 11.3, p. 281.)

seized evidence at the time of the contested search and seizure. The vice of allowing the Government to allege possession as part of the crime charged, and yet deny that there was possession sufficient for standing purposes, is not present." In *Brown*, the defendants were in custody in Ohio when the police searched a codefendant's store in Manchester, Kentucky. (*Id.* at p. 225 [36 L.Ed.2d at pp. 211-212].)

The question is then presented, given the fact she had no right to contest a search and seizure of the Fernandes residence, whether she had a right to move to suppress the contents of a locked suitcase within that residence. For varying reasons, we are satisfied that she did not have a reasonable expectation of privacy concerning the suitcase. First, she had shipped the suitcase under Gamio's name and, according to Detective Lindsay, there was nothing at all on the exterior or the interior of the suitcase which referred to defendant. Second, the suitcase was 3,000 miles away from defendant at the time of the search. In *Rawlings* v. *Kentucky, supra*, 448 U.S. at pages 104-106 [65 L.Ed.2d at pages 641-643], the Supreme Court held that the defendant in that case did not have a legitimate expectation of privacy in a purse held by a companion in the same room of a residence which was being searched. In *Rakas* v. *Illinois, supra*, 439 U.S. at page 148 [58 L.Ed.2d at page 404], the Supreme Court held that the occupants of an automobile who possessed "neither a property nor a possessory interest in the automobile nor an interest in the property seized" had no legitimate expectation of privacy in connection with the search of a glove compartment or the area beneath the front passenger seat. Both *Rawlings* and *Rakas*, refused to find that people inside an automobile or a residence where the search occurred could move to suppress evidence seized in their possession. In the present case, the suitcase was 3,000 miles away from defendant when it was searched.

Third, defendant had surrendered possession of the locked suitcase to the airlines and Fernandes. To further complicate matters from defendant's perspective, the suitcase had been picked up in New Jersey by the person named Christopher who transported it to the Fernandes residence. Fourth, the suitcase was going to be retained by Fernandes from the 7th of July until he left for Portugal on the 21st. Fifth, when Fernandes went to Portugal, the suitcase was going to be subject to a customs search. Given the all of these circumstances, we are satisfied that no governmental official violated any legitimate expectation of privacy held by defendant. (*Rawlings* v. *Kentucky, supra*, 448 U.S. at p. 106 [65 L.Ed.2d at pp. 642-643].) Accordingly, defendant lacked the authority to move to suppress the results of the search in New Jersey.

## IV.  DISPOSITION

The judgment is affirmed.

Ashby, J., and Boren, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 27, 1991. Mosk, J., and Broussard, J., were of the opinion that the petition should be granted.