23 Cal.App.4th 1738 (1994)
29 Cal. Rptr.2d 21
THE PEOPLE, Plaintiff and Appellant,
v.
MARGARITO ESPINOZA GUAJARDO, Defendant and Respondent.
Docket No. B074726.
Court of Appeals of California, Second District, Division One.
March 9, 1994.
*1740 COUNSEL
Gil Garcetti, District Attorney, Brentford J. Ferreira and Dirk L. Hudson, Deputy District Attorneys, for Plaintiff and Appellant.
Wilbur F. Littlefield, Public Defender, Albert J. Menaster, Albert Johnson and Alex Ricciardulli, Deputy Public Defenders, for Defendant and Respondent.
OPINION
VOGEL, (Miriam A.), J.
On the People's appeal, we find the search of defendant Margarito Espinoza Guajardo was incident to a lawful arrest and *1741 therefore reverse the order dismissing the information charging him with one count of possessing cocaine base for sale.

FACTS
Los Angeles County Sheriff's Deputy Steve Kim and his partner stopped in front of a house while they were on patrol in an area Kim knew to have a high level of narcotics activity. Kim saw Guajardo (who Kim knew because he had arrested him a month earlier for selling narcotics) and two other men standing by the side of the house. As Kim watched, Guajardo handed a small object to his companion and the companion, in turn, put the object inside a cigarette pack, which he then put in his shirt pocket. Based on his experience and training, Kim formed the opinion that Guajardo was selling drugs to the other man.
Guajardo and his companion then walked toward the patrol car, with a nervous Guajardo looking around as if he was anxious to walk away. Kim detained the men and performed a patdown search of Guajardo, during which he removed a small, rock-like object and $926 in cash from Guajardo's pockets. Kim then searched the companion, retrieved the cigarette pack from his pocket and, from inside the pack, retrieved a small plastic baggie which contained a white powdery substance. Kim asked the companion what was in the baggie but the companion, instead of responding to Kim, asked Guajardo the same question. Guajardo said it was cocaine (in fact, the baggie contained .19 grams of cocaine base and cocaine).
Guajardo was charged with one count of possessing cocaine base for sale, with two prior convictions alleged as enhancements. Guajardo moved to suppress, claiming the search was illegal, and the issue was submitted to the trial court on the basis of the preliminary hearing transcript (which includes Deputy Kim's testimony to the facts set out above). The trial court granted the motion and dismissed the information. The People appeal.

DISCUSSION
The People contend Guajardo's suppression motion should have been denied. We agree.[1]
(1) In this post-Proposition 8 era, relevant evidence which may have been "unlawfully" seized under pre-Proposition 8 California law is nevertheless admissible unless exclusion is required by the United States Constitution. (In re Lance W. (1985) 37 Cal.3d 873, 890 [210 Cal. Rptr. 631, 694 *1742 P.2d 744].) (2) (See fn. 2.) There is no constitutional basis for excluding the evidence seized from Guajardo.[2]
(3) Probable cause to arrest exists if facts known to the arresting officer would lead a person of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime. (People v. Bowen (1987) 195 Cal. App.3d 269, 274 [240 Cal. Rptr. 466].) A lawful arrest, in turn, justifies a full custodial search of the person. (United States v. Robinson (1973) 414 U.S. 218, 235 [38 L.Ed.2d 427, 440-441, 94 S.Ct. 467] [defendant stopped based on officer's belief he was driving without a license; in searching his person, the officer felt an object in his coat pocket, removed it and found drugs in a cigarette case]; People v. Gutierrez (1984) 163 Cal. App.3d 332, 334-335 [209 Cal. Rptr. 376] [defendant stopped for suspicion of drunk driving and arrested; custodial search revealed small cardboard box containing stolen jewelry]).
No exact formula tells us how to decide whether there was probable cause to arrest. Instead, we look to the totality of the surrounding circumstances and decide each case on its own facts, taking into account such things as (1) the officer's experience (which may render suspicious that which appears innocent to a layman); (2) the officer's prior contacts with the suspect; (3) the officer's awareness that the area is one known for street drug transactions; (4) the defendant's conduct (such as a covert or secretive display, transfer or exchange); (5) a caching of an object given or received in a peculiar receptacle designed for a different, specialized purpose; (6) some indication by the defendant of a consciousness of guilt; and so on. (People v. Ingle (1960) 53 Cal.2d 407, 412 [2 Cal. Rptr. 14, 348 P.2d 577]; Cleaver v. Superior Court (1979) 24 Cal.3d 297, 307 [155 Cal. Rptr. 559, 594 P.2d 984]; People v. Mims (1992) 9 Cal. App.4th 1244, 1247-1250 [12 Cal. Rptr.2d 335]; People v. Martin (1973) 9 Cal.3d 687, 692 [108 Cal. Rptr. 809, 511 P.2d 1161]; People v. Handy (1971) 16 Cal. App.3d 858, 860-861 [94 Cal. Rptr. 387]; People v. Mendez (1973) 35 Cal. App.3d 606, 609 [110 Cal. Rptr. 894]; People v. Nonnette (1990) 221 Cal. App.3d 659, 668 [271 Cal. Rptr. 329]; People v. Limon (1993) 17 Cal. App.4th 524, 532 [21 Cal. Rptr.2d 397].)
(4a) It is not difficult to apply these criteria to this case. Deputy Kim had substantial experience with drug transactions and, based on his experience, concluded that Guajardo was selling drugs to his companion when, *1743 standing at the side of a house in an area known for a high rate of street drug transactions, he handed him a small object which the companion, in turn, secreted in a cigarette case which he then placed in his pocket.[3] When we add to Kim's experience the fact that he had, just a month earlier, arrested Guajardo for the sale of narcotics, it becomes clear that a person of ordinary care and prudence would conscientiously entertain an honest and strong suspicion that Guajardo was selling or at least furnishing narcotics. Any doubt Kim might have had would have been resolved by Guajardo's demonstrated consciousness of guilt (he kept looking around as he approached the patrol car, appearing nervous and anxious to leave the area).
(5) The question is not whether these facts would be sufficient to support a conviction, and the fact that there may be some room for doubt is immaterial. (People v. Howell (1973) 30 Cal. App.3d 228, 234 [105 Cal. Rptr. 748].) Giving Guajardo the benefit of every doubt, there is nevertheless probable cause because a succession of events proceeded to the point where any prudent person would say that an innocent course of conduct was substantially less likely than a criminal one. (People v. Andrino (1989) 210 Cal. App.3d 1395, 1402 [259 Cal. Rptr. 17].) (4b) In sum, there was probable cause to arrest and the search incident to that arrest was lawful.
For these reasons, the suppression motion should not have been granted and the information should not have been dismissed.

DISPOSITION
The order is reversed and the cause is remanded to the trial court with directions to enter a new order denying the motion to suppress.
Masterson, J., concurred.
SPENCER, P.J., Concurring and Dissenting.
I dissent from the conclusion that the trial court erred in granting any part of the suppression motion. *1744 Probable cause to arrest exists when there are sufficient facts to cause a reasonably prudent police officer "`"to believe and conscientiously entertain an honest and strong suspicion"'" that a particular person is guilty of a crime. (People v. Superior Court (Wells) (1980) 27 Cal.3d 670, 674 [165 Cal. Rptr. 872, 612 P.2d 962].) Thus, probable cause is "`supported by evidence which inclines the mind to believe, but leaves some room for doubt.... The test is not whether the evidence upon which the officer acts ... is sufficient to convict but only whether the person should stand trial. [Citation.]' [Citation.]" (People v. Superior Court (Price) (1982) 137 Cal. App.3d 90, 96 [186 Cal. Rptr. 734].)
In this case, the prosecution relied upon the following factors to establish probable cause to arrest defendant: (1) Deputy Kim had arrested defendant for sales of narcotics approximately one month earlier; (2) defendant was observed in an area known for a high rate of narcotics trafficking handing a small object to another person; (3) the recipient of the object put it into a cigarette package; and (4) defendant appeared nervous after he and the two other individuals with him approached the patrol vehicle. Information that a suspect formerly was involved in similar illicit activity is entitled to some weight (People v. Martin (1973) 9 Cal.3d 687, 693 [108 Cal. Rptr. 809, 511 P.2d 1161]), as is the reputation of an area for a particular kind of criminal activity (People v. Nonnette (1990) 221 Cal. App.3d 659, 668 [271 Cal. Rptr. 329]). These factors alone, however, do not amount to probable cause.
Neither defendant nor his companion behaved in a covert or secretive fashion, and neither of them cached an object given or received in a peculiar receptacle. There is no evidence Deputy Kim had observed similar narcotics activities recently in the same immediate area, he did not see the exchange of an object for money or of money for an object and defendant did not appear to be under the influence of narcotics.
Neither defendant nor his companions attempted to flee or otherwise evinced a consciousness of guilt when they recognized Deputy Kim's patrol vehicle. Defendant's generalized nervousness is not the equivalent of a consciousness of guilt. Rather than attempting to avoid Deputy Kim, defendant and his companions walked in the direction of the patrol vehicle and allowed themselves to be detained. Deputy Kim recently had arrested defendant. That in itself would evoke nervousness in most individuals.
I cannot agree with the majority opinion that the lack of evidence that cigarette packs are common receptacles for drugs is immaterial, and the majority opinion cites no authority for that proposition. Nothing suggests *1745 that the use of cigarette packs as receptacles for drugs is of such common knowledge, i.e., not reasonably subject to dispute, that the court could take judicial notice of it. (Evid. Code, § 452, subd. (g).) In People v. Torres (1990) 224 Cal. App.3d 763 [274 Cal. Rptr. 117], the prosecution presented evidence that it was common practice for drug dealers to secrete drugs in cigarette packages, and the evidence of common practice was limited to a particular park. (At p. 767.) Cigarette packs are most commonly a receptacle for cigarettes, and a small object handed to another and placed in a cigarette pack could just as easily be a cigarette or a book of matches, placed there for convenience, as any other object. The holding in People v. Knisely (1976) 64 Cal. App.3d 110, 117 [134 Cal. Rptr. 269], that in the absence of evidence a cigarette pack is commonly used as a receptacle for drugs, placing a small object in the pack is not a suspicious circumstance remains valid. (See also People v. Aldridge (1984) 35 Cal.3d 473, 480 [198 Cal. Rptr. 538, 674 P.2d 240]; People v. Huntsman (1984) 152 Cal. App.3d 1073, 1085 [200 Cal. Rptr. 89].)
In the end, in this case we are left with defendant, whom Deputy Kim recently had arrested for selling narcotics, being in an area known to have a high level of narcotics activity, handing an unrecognizable object to another individual, who then places the small object in a cigarette pack. Reduced to its essence, the majority holding would mean that any time someone with a past history of narcotics trafficking who is in an area known for a high level of narcotics activity hands someone else a small, unidentifiable object and seems a little nervous, there is probable cause to arrest both individuals. To me, this appears to be a tremendous incursion into the protections afforded by the Fourth and Fourteenth Amendments and thus goes too far. Accordingly, I would hold that the trial court did not err in suppressing the small, rock-like object and $926 in currency which were seized from defendant.
I concur in the conclusion that the information should not have been dismissed. Defendant had no legitimate and reasonable expectation of privacy in the small object he gave to his companion or in the companion's cigarette package and thus could not seek the suppression of these objects. (Rawlings v. Kentucky (1980) 448 U.S. 98, 104 [65 L.Ed.2d 633, 641, 100 S.Ct. 2556]; People v. Leonard (1987) 197 Cal. App.3d 235, 239 [242 Cal. Rptr. 757].) The trial court dismissed the information on the ground that the People had no unsuppressed evidence sufficient to hold defendant to answer. The People had Deputy Kim's observations, the cigarette pack (which contained nothing other than the bag of cocaine), the cocaine and defendant's statement identifying the substance as cocaine. While this may be insufficient evidence to hold defendant to answer for the possession of *1746 cocaine base for sale (Health & Saf. Code, § 11351.5), it is sufficient to hold him to answer for furnishing cocaine (id., § 11352), and the information could be amended to charge only the latter offense.
Respondent's petition for review by the Supreme Court was denied May 25, 1994.
NOTES
[1] Where, as here, the evidence presented at a suppression motion is uncontroverted, we review the matter de novo, without deference to the trial court's findings. (People v. Workman (1989) 209 Cal. App.3d 687, 694 [257 Cal. Rptr. 753]; People v. Koury (1989) 214 Cal. App.3d 676, 685 [262 Cal. Rptr. 870].)
[2] The trial court suppressed not only the items seized from Guajardo, but also those taken from his companion. Independent of the conclusion we reach with regard to the search of Guajardo, the cigarette pack (and its contents) taken from the companion's pocket should not have been suppressed because Guajardo did not have standing to object to the companion's search. (In re Lance W., supra, 37 Cal.3d at p. 882.)
[3] It is immaterial that Deputy Kim did not testify to the fact that, in this area, cigarette packs are common receptacles for drugs. This fact is one of common knowledge (People v. Torres (1990) 224 Cal. App.3d 763, 767 [274 Cal. Rptr. 117] [it is common practice for drug dealers to secrete narcotics in cigarette packages]) and it would be the height of naivete not to recognize this fact. Times have changed since 1976 and we cannot in this day and age (at least in Los Angeles County) give serious consideration to the holding in People v. Knisely (1976) 64 Cal. App.3d 110, 117 [134 Cal. Rptr. 269], that, in the absence of some evidence showing a cigarette pack is a common hiding place for narcotics, the fact that a small object is placed in the pack is not a suspicious circumstance.