Filed 3/28/24  P. v. Ortega CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>REINIERY ORTEGA,<br><br>          Defendant and Appellant. | A167133<br><br>(San Francisco City and County Super. Ct. Nos. SCN233174, CRI20009652) |

Defendant Reiniery Ortega pled guilty to sale of fentanyl but contends the preliminary hearing magistrate erred in denying his motion to suppress evidence pursuant to Penal Code section 1538.5.[1]  We affirm.

## BACKGROUND

San Francisco Police Officer Cullen Roche was conducting surveillance of a high narcotics area when he noticed Ortega "loitering."  At one point, Officer Roche saw Ortega "pull out a package and select items and begin kind of sifting through" them. A few minutes later, Ortega approached a car and conversed with the driver.  No physical exchange took place.  Some time afterward, a pedestrian approached the same car and "exchange[d] an object in exchange for U.S. currency."  Officer Roche was not "100 percent certain[]" what the object was, but he

---

[1]      Undesignated statutory references are to the Penal Code.

1

suspected it was a narcotics sale.  He did not direct any officers to stop or arrest those individuals.

Soon after, Officer Roche observed another pedestrian, Ricky Vedilago, approach Ortega.  After appearing to engage in conversation and walking together, Ortega handed over a "small substance" to Vedilago in exchange for U.S. currency.

Officer Roche relayed a description of Vedilago to other officers, including Officer Wright.  Vedilago was arrested, at which point Officer Wright informed Officer Roche that a "white crystalline substance" was found in Vedilago's possession.

With this information, Officer Roche ordered the arrest of Ortega.  A search incident to arrest uncovered several denominations of "crumpled up" bills as well as a cigarette pack that contained "a Ziploc bag of a white crystalline substance and another bag with small black objects in individual bindles." These substances were determined to be methamphetamine and heroin.  In contrast, the white crystalline substance found on Vedilago was determined to be fentanyl.  No drug paraphernalia or fentanyl was found on Ortega.

At the preliminary hearing, Officer Roche was qualified as an expert in narcotics sales.  Officer Roche testified to his observations as well as his extensive experience investigating narcotics and his specialized knowledge in identifying drug packaging and teams of drug dealers.  The magistrate heard and denied the defense motion to suppress evidence brought pursuant to section 1538.5.  Ortega subsequently filed a section 995 motion to set aside the information on grounds including that there was no probable cause to arrest him.  The trial court denied the motion.

Following these unsuccessful motions, Ortega pled guilty to felony violations of sale of fentanyl (Health & Saf. Code, § 11352, subd. (a)) and accessory after the fact (Pen. Code, § 32).  He was

given two years of probation, and the court dismissed the remaining two counts as well as charges in four related criminal cases. Ortega now appeals the denial of the suppression motion.

## DISCUSSION

Ortega contends the People failed to establish probable cause for his arrest and related search. Reviewing the magistrate's express and implied factual findings for substantial evidence and exercising our independent judgment to determine whether probable cause was supplied on those facts (*People v. Macabeo* (2016) 1 Cal.5th 1206, 1212), we disagree.

A warrantless arrest must be supported by probable cause. (*People v. Celis* (2004) 33 Cal.4th 667, 673 (*Celis*).) While probable cause "is incapable of precise definition," it "exists when the facts known to the arresting officer would persuade someone of 'reasonable caution' that the person to be arrested has committed a crime." (*Ibid.*) And while "specialized knowledge may render suspicious what would appear innocent to a layman," it remains an objective test based on whether an individual "who possessed such knowledge" would reasonably believe action was appropriate. (*Cunha v. Superior Court* (1970) 2 Cal.3d 352, 358 (*Cunha*).)

In *Cunha, supra,* 2 Cal.3d 352 and *Remers v. Superior Court* (1970) 2 Cal.3d 659, 664, 665–666 (*Remers*), our Supreme Court found that a hand-to-hand street sale of an unidentified object may not constitute probable cause even if the transaction takes place in an area known for frequent narcotics trafficking or if the suspect exhibits concern for his or her surroundings. (*Cunha*, *supra*, at p. 357; *Remers*, *supra,* at pp. 665–666.) The court observed that such a sale may be as consistent with innocence as it is with criminality. (*Ibid.*; *Remers*, at pp. 664-666.)

3

More recent case law has refined the application of *Cunha* and *Remers*. Probable cause is an objective yet fluid inquiry into the "totality of the circumstances." (*Cleaver v. Superior Court* (1979) 24 Cal.3d 297, 307.) The totality of the circumstances test " 'allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available.' " (*People v. Barnes* (2013) 216 Cal.App.4th 1508, 1514.) Courts may consider the officer's experience, the officer's awareness that the area is known for narcotics trafficking, suspicious conduct by the defendant and others, and distinctive packaging typically used for drugs. (See *People v. Guajardo* (1994) 23 Cal.App.4th 1738, 1742 [listing cases]; *People v. Mims* (1992) 9 Cal.App.4th 1244, 1247-1250.) Probable cause may be found when an experienced police officer "observed all the elements of a completed [drug] sale." (*People v. Garrett* (1972) 29 Cal.App.3d 535, 539 (*Garrett*).)

Applying these factors to the instant facts, we are not persuaded that *Cunha* and *Remers* control. Officer Roche—an officer with extensive experience investigating narcotics—had observed Ortega for roughly half an hour. During that surveillance, Officer Roche developed an informed suspicion that Ortega was involved in narcotics trafficking. (*Cunha*, *supra*, 2 Cal.3d at p. 358.) This suspicion was based in part on the fact that Ortega had loitered in a high narcotics trafficking area, manipulated a small package that he stored in his pocket, and engaged with a car involved in hand-to-hand transactions that are consistent with narcotics trafficking methods in that area. Then Officer Roche witnessed Ortega's transaction with Vedilago—a brief conversation, followed by an exchange of cash for a small package that Officer Roche, based on his training and experience, believed was narcotics. Officer Roche was then told, by another police officer, that the buyer, Vedilago, was arrested, searched, and found to possess suspected narcotics. On these facts, "[i]t is difficult to imagine what further visual evidence of a

4

street sale of narcotics could be required to establish reasonable cause for an arrest." (*Garrett*, *supra*, 29 Cal.App.3d at p. 539; see also *People v. Stanfill* (1985) 170 Cal.App.3d 420, 426.)

Ortega focuses on a factual finding that the magistrate deemed important. The magistrate found the evidence of Officer Wright's search of Vedilago, "which revealed a white crystalline substance in a small amount," was "consistent with the package" that Officer Roche witnessed Ortega hand to Vedilago. Ortega argues the evidence does not support this finding. Even if it did, Ortega maintains any such similarity is irrelevant because Officer Roche did not see the package seized from Vedilago until *after* directing the arrest of Ortega.

Ortega has a point. Officer Roche was at least 90 feet away, without binoculars, and was only able to see Ortega hand Vedilago a "small substance" or "small object." He did not see the "white crystalline substance" until sometime *after* Ortega's arrest, and there is no evidence that Officer Wright described to Officer Roche the amount of substance (small or large) or its packaging.

Nevertheless, the information Officer Roche received about the search of Vedilago still supports the magistrate's ruling. Officer Roche strongly suspected that he saw a drug deal. Shortly thereafter, he was told that other officers arrested the buyer and found a white crystalline substance. A reasonable person could draw the connection between the sale and the suspected drugs. (See *Garrett*, *supra*, 29 Cal.App.3d at p. 539 [probable cause requires reasonable probability, not certainty, that package contained drugs].)

We reject Ortega's remaining arguments. There is no serious question here that the information related to Officer Roche about the white crystalline substance was manufactured or otherwise unreliable under *People v. Harvey* (1958) 156 Cal.App.2d 516, 523–524 and *People v. Madden* (1970) 2 Cal.3d

5

1017, 1021.  (See *In re Richard G.* (2009) 173 Cal.App.4th 1252, 1260 ["When the judiciary can reasonably determine that no evidence has been manufactured, there is no reason for strict compliance with the letter of the '*Harvey–Madden*' rule."].)  Ortega's attacks on Officer Roche's credibility are likewise unpersuasive; the magistrate heard the same evidence and found him credible.  We have no basis to overturn that finding.  (*People v. Pantoja* (2022) 77 Cal.App.5th 483, 489.)

In sum, although one of the magistrate's findings (on the consistency between the white substance and the package) is unsupported, it does not change the outcome.  We may affirm the magistrate's ruling if it is correct, despite flaws in the reasoning.  (*People v. Hall* (2020) 57 Cal.App.5th 946, 951.)  The evidence supports a probable cause finding.

## DISPOSITION

The judgment is affirmed.

BURNS, J.

WE CONCUR:

JACKSON, P. J.
CHOU, J.

*People v. Ortega* (A167133)