Filed 1/22/26  P. v. Lopez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064646 |
| v. | (Super. Ct. No. 21WF1937) |
| KARINA JANETTE LOPEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Elizabeth G. Macias, Judge. Affirmed.

Mytili G. Bala, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Namita Patel, Deputy Attorneys General, for Plaintiff and Respondent.

Karina Janette Lopez appeals from her convictions for drug and identity theft crimes, contending the trial court wrongly denied her motion to suppress. (Pen. Code, § 1538.5.)[1] We conclude the motion was correctly denied because (1) probable cause supported a search incident to arrest and (2) the result of that search warranted a vehicle search. We affirm.

FACTS

A loss prevention worker saw a man walk out of a Home Depot store in Huntington Beach with unpaid merchandise. When the worker identified himself, the man abandoned the merchandise and got into the front passenger seat of a white Chevy Colorado truck. The worker reported the truck's license plate number to the police.

A nearby police officer stopped a white Colorado with the same license plate number "just east" of the store. The front passenger matched the description of the man who took the items from Home Depot. There were two occupants in the back seat. In the truck's uncovered bed, the officer saw packaged Home Depot merchandise.

The worker arrived at the truck with another officer and identified the front passenger as the man he had confronted. The worker told the officers the merchandise in the truck bed was from another Home Depot store.

The officers ordered the driver, Lopez, to exit the truck. Lopez claimed: "But sir, I gave somebody a ride." A third police officer searched her, finding a bag appearing to contain methamphetamine in her left bra cup. The officers searched the truck. Inside of "a purse on the floorboard of the driver's seat" were "two pipes . . . consistent with pipes used to smoke

_____

[1] All further statutory references are to this code.

2

methamphetamine," a scale, small Ziploc bags, a wallet, a checkbook, a debit card, a club card, and a driver's license for someone besides Lopez. Inside of a drawstring backpack in the backseat of the truck were found "various amounts of checkbooks, ID cards, [and] passports."

Lopez was arrested and charged with offenses including possessing a controlled substance for sale (Health & Saf. Code, § 11378; count 1) and identity theft involving more than 10 victims (§ 530.5, subd. (c)(3); count 3).

Lopez moved to suppress the items found in the searches. (See § 1538.5.) The trial court denied the motion. It explained: "I will say that certainly there can be an innocent explanation. Ms. Lopez happened to have been shopping at Home Depot, had all those items that she purchased in the back of her truck, and the individuals simply asked for a ride and Ms. Lopez agreed to give them a ride. The problem with that is that you normally don't have two other individuals in the backseat, and then somehow the person that conveniently asks for a ride ends up in the front seat. [¶] The circumstances under which Ms. Lopez was stopped, the information that law enforcement knew at the time, the information that law enforcement subsequently gathered as a result of the stop make it so that it's not just suspicion. It does rise to the level of probable cause, and so they are grounds to search Ms. Lopez. They had grounds to search the vehicle. So the Court is denying the motion to suppress."

Lopez then pleaded guilty to all counts. The court placed her on two years of formal probation.

## DISCUSSION

We disagree with Lopez's claim the search of her bra was unreasonable. Probable cause to arrest justifies a warrantless search of the

arrestee. (*People v. Guajardo* (1994) 23 Cal.App.4th 1738, 1742.) "'"In determining whether . . . [a] search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment,"'" but "'"defer to the trial court's factual findings, express or implied, where supported by substantial evidence."'" (*People v. Suff* (2014) 58 Cal.4th 1013, 1053.)

In our independent judgment, the trial court correctly found there was probable cause to arrest Lopez. It is undisputed her passenger took Home Depot merchandise out of the store without paying for it. (See *People v. Shannon* (1998) 66 Cal.App.4th 649, 654 [larceny elements].) That man left the Home Depot and, when confronted, left the merchandise behind and entered the Colorado's empty front passenger seat. Lopez then drove him and two others away from the store in the Colorado, which was already loaded with Home Depot merchandise from another store. As the trial court insightfully observed, this is less consistent with giving an innocent ride to someone than it is with participating in theft. (See *People v. Diaz* (2023) 97 Cal.App.5th 1172, 1178 ["Probable cause is not a high bar" and "[o]ne need not be a legal technician to grasp the concept"]; see also *People v. Swanson-Birabent* (2003) 114 Cal.App.4th 733, 742 ["'getaway driver . . . may properly be found liable as an aider and abettor'"]; cf. § 32 [accessory to felony].)[2]

We find little guidance in the cases Lopez discusses. To be sure, mere proximity to crime suspects does not amount to probable cause. (See *Ybarra v. Illinois* (1979) 444 U.S. 85, 91.) And probable cause to arrest one

[2] Because, as Lopez correctly notes, the prosecutor explicitly told the trial court "I'm not going to offer consent" as a theory, we decline to entertain the Attorney General's contention on that point. (See *Robey v. Superior Court* (2013) 56 Cal.4th 1218, 1242–1243 [declining to reach consent based on "limited record"].)

vehicle occupant does not necessarily justify arresting all of the occupants. (See, e.g., *United States v. Di Re* (1948) 332 U.S. 581; *People v. Temple* (1995) 36 Cal.App.4th 1219; *In re Dung T.* (1984) 160 Cal.App.3d 697; *People v. Gonzalez* (1998) 64 Cal.App.4th 432.) We have more here than proximity. Lopez was the driver, not a mere passenger. (Cf. *Di Re*, at pp. 586–587.) Waiting in a truck with two passengers in the back seat but with the front passenger seat free—with a bed carrying merchandise from another Home Depot—Lopez drove an undisputed thief who had just abandoned Home Depot merchandise after being confronted by the loss prevention worker away from the crime scene.

Finally, the fruit of the search incident to arrest—a substance in Lopez's bra that looked like methamphetamine—established probable cause to search the truck. (See *Davis v. United States* (2011) 564 U.S. 229, 234–235 [valid "reason to believe" relevant evidence contained within vehicle justifies vehicle search].) Lopez does not contend otherwise, stating in her reply brief: "[I]f the search of appellant's undergarments was incident to a *lawful* arrest, police could thereby derive probable cause from the fruits of that body search to thereafter search her drawstring backpack and purse for controlled substances."

DISPOSITION

The judgment is affirmed.


SCOTT, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


GOODING, J.