[Crim. No. 11828. Fourth Dist., Div. One. May 22, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT EVERETT SPEAKS, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Paul Bell, Deputy State Public Defender, and Louis Dillman for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield, Michael D. Wellington, Steven V. Adler and Richard D. Garske, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

THE COURT*—Robert Speaks was convicted by jury of receiving stolen property (Pen. Code, § 496, subd. 1) and was granted probation. He appeals, meritoriously contending the court prejudicially erred in refusing to give a proffered jury instruction. We need not examine his contention the court put undue pressure on the deadlocked jury to arrive at a verdict.

Speaks had been employed at the San Diego Concourse for about 15 years, performing various duties in connection with shows and concerts taking place there. He and three fellow employees had access to a safe in the Concourse lobby. On November 3, 1979, all four were on duty

---

*Before Brown (Gerald), P. J., Wiener, J., and Langford, J.†
†Assigned by the Chairperson of the Judicial Council.

during a concert. After the concert ended, one of the four found the safe open with close to $2,000 missing from it. The safe showed no signs of forced entry.

The following New Year's Eve, Speaks was at a party with his co-workers when he became ill and was taken to a hospital. The partygoers searched his car in an effort to find any medicine he might have been taking before becoming ill. In the trunk of the car they found a plastic bag containing tennis shoes, sweat pants and some of the money taken from the safe earlier. They left the bag in the trunk and contacted the police. A police officer later told Speaks what his friends had found and Speaks allowed the officer to search the car, whereupon the money was again found.

At trial Speaks denied taking the money from the safe or knowingly possessing it. He said he last used the plastic bag during the summer of 1979 and had no idea it contained money taken from the safe. He said it was his habit while at work or at parties, including the New Year's Eve party, to leave the keys to his car "unguarded" where a number of people could take them. During argument, both sides addressed Speaks' knowledge the money was in his car.

The court instructed, "Every person who buys or receives any property which has been stolen or which has been obtained in any manner constituting theft, knowing the property to be so stolen or obtained, or who conceals or withholds such property from the owner knowing the property to have been stolen or obtained is guilty of the crime of receiving stolen property.

"In order to prove the commission of such crime each of the following elements must be proved: One, that a person concealed or withheld property which had been stolen; and, two, that such person actually knew such property was stolen at the time he received, concealed or withheld such property. [CALJIC No. 14.65.] . . . The mere fact that a person was in conscious possession of recently stolen property is not enough to justify his conviction of [receiving stolen property]. It is, however, a circumstance to be considered in connection with other evidence. To warrant a finding of guilty there must be proof of other conduct or circumstances tending of themselves to establish guilt. [CALJIC 2.15.]"

■ Speaks asked the following additional instruction be given, but the court refused, "The charge against defendant requires that he had knowledge of the presence of the stolen money in his trunk and proof alone that the defendant owned and had control of the vehicle and access to a place in which the money was found without knowledge of the presence of said money is insufficient for conviction."

While the jury was deliberating it sent the court a note asking the judge to "clarify the definition of receiver of stolen property." Speaks again asked his proffered instruction be read, but again the court refused and instead reread CALJIC No. 14.65.

To be convicted of receiving stolen property, one must *know* he received or was in possession of the goods (*People v. Jolley* (1939) 35 Cal.App.2d 159, 162-163 [94 P.2d 1011]). It is not sufficient if someone else placed the items in the defendant's home or car and defendant never became aware he had the items in the first place (*id*). Conscious presence of the items is an element of the offense (*People v. Martin* (1973) 9 Cal.3d 687, 695 [108 Cal.Rptr. 809, 511 P.2d 1161]).

In *People v. Gory* (1946) 28 Cal.2d 450, 457 [170 P.2d 433], a marijuana possession case, reversible error occurred when the court failed to give a proffered instruction the defendant must *knowingly* have had the marijuana in his possession in order to be convicted. As here, Gory claimed he was unaware the marijuana was in an unlocked metal box he used to store personal items. The court stated, "To fail to instruct on that point might well have misled the jury into believing either that knowledge was not essential or that any object found among defendant's personal effects was conclusively presumed to be there of his own knowledge. The error which would be involved in an express declaration to that effect is obvious, for knowledge is essential and though the finding of an object among defendant's effects would support an inference, it would not give rise to a conclusive presumption that the object was there with defendant's knowledge." While the trial court in *Gory* defined possession for the jury, the Supreme Court concluded such definition was not sufficient because, "[I]t makes no reference to the element of knowledge in the sense required for a finding of guilt of the statutory offense involved, and it is questionable whether from mere connotation of the definition itself an inference of the necessity for such finding would arise.... Nor was the situation clarified to an appreciable extent by [an] instruction in its correlation of defendant's guilt with 'willfully' having 'in his possession' marijuana.

"... [I]t is doubtful, to say the least, whether the jury would infer from the word 'willfully' the element of knowledge in the required sense.

"It may be possible to argue that taking the instructions as a whole, they were sufficient to have informed the jury in a general roundabout way that before defendant could be convicted of ... the possession of marijuana the evidence must show his *knowledge of the presence* of said property in his box; but since knowledge, in that limited sense, is an essential element of the offense, he was entitled under the circumstances to a specific instruction such as the requested instruction, ... to clarify the situation." (*People* v. *Gory, supra,* 28 Cal.2d 450, 458-459.)

More recently, the Supreme Court, in *People* v. *Flannel* (1979) 25 Cal.3d 668, 684-685 [160 Cal.Rptr. 84, 603 P.2d 1], held failure to give a proffered jury instruction, which is supported by substantial evidence, constitutes reversible error. The testimony of one witness, here, the defendant, may constitute substantial evidence (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 248, p. 4240), and doubts as to the sufficiency of the evidence must be resolved in favor of the accused (*People* v. *Flannel, supra,* 25 Cal.3d 668, 685). The court's failure here to instruct the jury on this essential element of the crime where evidence existed justifying a jury's finding Speaks was unaware the money was in his car is reversible error.

Judgment reversed.

Respondent's petition for a hearing by the Supreme Court was denied August 19, 1981.