Filed 7/20/15  P. v. Rodriguez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061774 |
| v. | (Super.Ct.No. RIF1207100) |
| RAUL ALONSO RODRIGUEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed, Judge. Affirmed as modified

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Respondent.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Brendon W. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

# I

## INTRODUCTION

Defendant and appellant Raul Alonso Rodriguez appeals from a judgment entered following jury convictions for engaging in sexual intercourse with a child (Pen. Code,[1] § 288.7, subd. (a); count 1) and commission of a forcible lewd act on a child (§ 288, subd. (b)(1); count 2). The jury further found true the special circumstance allegation on count 2 that defendant kidnapped the victim and substantially increased the risk of harm to her over and above the level of risk necessarily inherent in the underlying offense. (§ 667.61, subd. (d)(2).) The trial court sentenced defendant to life in prison without the possibility of parole as to count 2 and imposed a concurrent term of 25 years to life as to count 1.

Defendant contends the trial court erred in failing sua sponte to instruct the jury on the crime of nonforcible lewd act as a lesser included offense of the count 2 offense of committing a forcible lewd act. Defendant argues the trial court also erred in failing to instruct on consent as a defense to the special circumstance kidnapping allegation on count 2. In addition, defendant asserts the abstract of judgment and sentencing minute order fail to reflect that sentencing on count 1 was concurrent to count 2. Defendant also argues his parole revocation fine should be stricken because he was sentenced to life without the possibility of parole.

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

We conclude that any instructional error was harmless error. We further direct the trial court to amend the incorrect sentencing minute order to state that sentencing on count 1 was imposed *concurrent* to the sentence on count 2. Also, the parole revocation fine is ordered stricken because defendant was sentenced to life without the possibility of parole. The judgment is affirmed as modified.

II

FACTS

During the evening of September 22, 2012, Jane Doe, who was nine years old, went to bed in her family home. She lived with her parents, sister and brother, uncle, grandmother, and defendant, who was grandmother's boyfriend. Because Jane Doe's grandmother was out of town, defendant slept in grandmother's bedroom by himself. When Jane Doe's father (father) got up in the middle of the night to use the bathroom, he looked in Jane Doe's bedroom and noticed Jane Doe was not there. He told Jane Doe's mother (mother) that Jane Doe was not in her bedroom.

Father searched for Jane Doe in the house. He noticed the front door was locked. Father knocked on defendant's bedroom door. There was no response. Mother banged on defendant's door while loudly asking if Jane Doe was there. After a few minutes, defendant said Jane Doe was inside. He unlocked and opened the bedroom door. Defendant was wearing a bathrobe. Jane Doe was wearing only a T-shirt, with no pants or underwear, and was crying.

Father grabbed defendant and detained him until the police arrived about five minutes later. Defendant told father he "messed up." Before the police arrived, mother

3

took Jane Doe out of defendant's bedroom.  Jane Doe told mother that defendant had entered her bedroom, covered her mouth, and carried her into his bedroom.  He then pushed her down on the bed, removed her shorts and underwear, got on top of her, tried to put his penis in her vagina, and threatened to kill mother and father if she yelled.

Riverside Police Officer Jorge Sepulveda interviewed Jane Doe.  The interview was recorded and played for the jury.  During the interview, Jane Doe said that defendant entered her bedroom while she was sleeping, grabbed her, covered her mouth, told her to come with him or he was going to kill mother, and carried her to his bedroom.  Defendant then pulled off her shorts and told her, if she screamed, he would kill her parents.  Jane Doe said that when defendant tried to push his penis in her "butt," "it hurt really bad."

When the police apprehended defendant, he stated, "[J]ust shoot me.  Put a bullet in my head."  The police found Jane Doe's shorts and underwear in defendant's bedroom.  The next day, at the police station, defendant wrote Jane Doe an apology letter stating, "I ask that you please forgive me for what occurred.  I am going to pay for my crime in jail.  I know that there's no hope for me, but I ask God that you are cured of the trauma you have gone through.  I regret what happened a lot.  God bless you and your parents."

Jane Doe testified two years after the incident that she went to sleep the night of the incident, and the next thing she remembered was being on the bed in defendant's bedroom.  She said she was not sure how she got there.  She remembered defendant touched her vagina with his penis and felt pain on "the sides" of her vagina while she lay on her back on the bed.  She told defendant it hurt but he continued.  When her parents

4

began knocking on defendant's bedroom door, defendant told her that if she said anything he would kill her parents.

Defendant, who was 60 years old at the time of trial, testified that he was a "little drunk" on the night of the incident. That night, after drinking 20 beers, he went to the bathroom. Afterwards, he noticed Jane Doe's bedroom door was open and Jane Doe was awake. She followed him back to his bedroom. Defendant denied carrying Jane Doe and claims they had no conversation at that time. When they got to defendant's bedroom, defendant invited Jane Doe in to watch television. After Jane Doe entered, defendant locked the door and got in bed with Jane Doe. Defendant acknowledged that, although Jane Doe had been in defendant's bedroom many times when her grandmother was there, Jane Doe had never been there before with only defendant.

Defendant stated that, after the two watched television, defendant asked Jane Doe to take off her shorts and underwear. Jane Doe complied. Defendant testified he was sexually aroused and attempted to insert his penis in Jane Doe's vagina while she lay on her back on the bed. A few seconds later, he stopped when Jane Doe said it hurt and her parents began knocking on the bedroom door. Defendant contradicted himself by testifying he only attempted to penetrate Jane Doe's vagina but then also testified that his penis actually entered her vagina. Defendant denied threatening to kill Jane Doe's parents.

## III

## INSTRUCTION ON NONFORCIBLE LEWD ACT

Defendant contends the trial court committed prejudicial error by failing to instruct the jury sua sponte on the count 2 lesser included offense of nonforcible lewd act (§ 288, subd. (a)). We conclude that although the trial court should have instructed on nonforcible lewd act as a lesser included offense of forcible lewd act (§ 288, subd. (b)(1)), the omission was harmless error.

### A. *Standard of Review*

Courts review the failure to give a lesser included offense instruction under the de novo standard of review. (*People v. Cooksey* (2002) 95 Cal.App.4th 1407, 1411.) "[A] trial court errs if it fails to instruct, sua sponte, on all theories of a lesser included offense which find substantial support in the evidence. . . . [¶] . . . [T]he existence of '*any* evidence, no matter how weak' will not justify instructions on a lesser included offense, but such instructions are required whenever evidence that the defendant is guilty only of the lesser offense is 'substantial enough to merit consideration' by the jury. [Citations.] 'Substantial evidence' in this context is "'evidence from which a jury composed of reasonable [persons] could . . . conclude[]"' that the lesser offense, but not the greater, was committed. [Citations.]" (*People v. Breverman* (1998) 19 Cal.4th 142, 162 (*Breverman*).) Finally, "in deciding whether there is substantial evidence of a lesser offense, courts should not evaluate the credibility of witnesses, a task for the jury." (*Ibid.*)

An uncharged offense is included in a greater charged offense if the greater offense, as defined by statute, cannot be committed without also committing the lesser (the elements test), or the language of the accusatory pleading encompasses all the elements of the lesser offense (the accusatory pleading test). (*People v. Parson* (2008) 44 Cal.4th 332, 349.)

Defendant was charged in count 2 and convicted of committing a forcible lewd act on a child in violation of section 288, subdivision (b)(1). Section 288, subdivision (b)(1) provides: "Any person who commits an act described in subdivision (a) by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, is guilty of a felony . . . ." Subdivision (a) of section 288 defines the crime of nonforcible lewd act, which defendant argues is a lesser included offense of the crime of forcible lewd act.

The trial court instructed on the charged offense of lewd conduct by means of force in violation of section 288, subdivision (b)(1). Neither party requested, nor did the trial court instruct, on the offense of nonforcible lewd act. The crime of committing a nonforcible lewd act upon a child is defined in section 288, subdivision (a) as an act committed by "any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child . . . ." (§ 288, subd. (a).)

7

The crime of nonforcible lewd act (§ 288, subd. (a)) is a lesser included offense of forcible lewd act (§ 288, subd. (b)(1)). (*People v. Chan* (2005) 128 Cal.App.4th 408, 421; *People v. Ward* (1986) 188 Cal.App.3d 459, 472.) The trial court in the instant case was therefore required to give sua sponte instruction on nonforcible lewd act if there was substantial evidence from which the jury could conclude that defendant did not use "force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim." (§ 288, subd. (b)(1).)

Defendant argues there was substantial evidence establishing he did not commit the crime of forcible lewd act. Such evidence included Jane Doe's statements indicating defendant did not use force or duress, since she was unable to remember how she arrived in defendant's bedroom. Defendant also asserts Jane Doe testified he only threatened her when her father was knocking on the bedroom door, after defendant had already committed the lewd act. In addition, defendant testified he did not use any force when he sexually abused Jane Doe and he did not threaten her. This evidence, particularly defendant's testimony, was substantial enough to require sua sponte instruction on the lesser included offense of nonforcible lewd act. "The testimony of a single witness, including the defendant, can constitute substantial evidence requiring the court to instruct on its own initiative." (*People v. Lewis* (2001) 25 Cal.4th 610, 646; accord, *People v. Speaks* (1981) 120 Cal.App.3d 36, 40.) Nevertheless, we conclude failure to give the instruction was harmless error.

8

*B. Harmless Error*

In *Breverman*, *supra*, 19 Cal.4th 142, the Supreme Court adopted the *Watson*[2] standard of review regarding instructional error as to lesser included offenses. (*People v. Elize* (1999) 71 Cal.App.4th 605, 616.) The failure to instruct sua sponte on a lesser included offense "is not subject to reversal unless an examination of the entire record establishes a reasonable probability that the error affected the outcome." (*Breverman*, at p. 165.)

Applying the *Watson* test here, we conclude the error in not instructing the jury on the lesser included offense of nonforcible lewd act was harmless error. It is not reasonably probable the outcome would have been more favorable had instruction on nonforcible lewd act been given because there was overwhelming evidence defendant used force and duress to commit a lewd act upon Jane Doe. There was evidence that defendant went into Jane Doe's bedroom in the middle of the night while she was sleeping, put his hand over her mouth, grabbed her out of her bed, carried her to defendant's bedroom, locked his bedroom door, pushed her down on his bed, removed her shorts and underwear, got on top of her, and inserted his penis into Jane Doe's vagina.

Evidence supporting a finding of force and duress included testimony defendant threatened to kill Jane Doe's parents during the commission of the lewd act. Officer

---

[2] *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*).

Sepulveda testified Jane Doe told him defendant threatened to kill mother if Jane Doe did not come with defendant to his bedroom and then defendant carried her to his room. Jane Doe also told Sepulveda that, when defendant pulled off her shorts, he threatened to kill her parents. Jane Doe testified at trial that she told defendant he was hurting her but he continued. Jane Doe's parents observed Jane Doe crying when defendant opened the locked bedroom door. In addition, defendant was larger and older than Jane Doe, and was a household member.

"'[D]uress" has been defined as 'a direct or implied threat of force, violence, danger, hardship or retribution sufficient to coerce a reasonable person of ordinary susceptibilities to first, perform an act which otherwise would not have been performed, or, second, acquiesced [*sic*] in an act to which one otherwise would not have submitted.' As this court recognized in *People v. Superior Court* (*Kneip*) (1990) 219 Cal.App.3d 235, duress involves psychological coercion. (*Id.* at p. 238.) Duress can arise from various circumstances, including the relationship between the defendant and the victim and their relative ages and sizes. [Citations.] 'Where the defendant is a family member and the victim is young, . . . the position of dominance and authority of the defendant and his continuous exploitation of the victim' is relevant to the existence of duress. [Citation.]" (*People v. Senior* (1992) 3 Cal.App.4th 765, 774-775; see *People v. Espinoza* (2002) 95 Cal.App.4th 1287, 1319-1320; *People v. Schultz* (1992) 2 Cal.App.4th 999, 1005.) In *Schultz*, the court held that the defendant committed a lewd act by duress when the defendant grabbed and restrained the nine-year-old distraught victim, cornered her and

10

used the defendant's physical dominance in conjunction with his psychological dominance to overcome her resistance. (*Id.* at p. 1005.)

Furthermore, defendant's version of the circumstances leading to defendant sexually abusing Jane Doe was not believable. Defendant claimed Jane Doe willingly and silently, in the absence of threats, duress, or force, followed him to his bedroom in the middle of the night and compliantly removed her shorts and underwear, while lying on defendant's bed. Defendant acknowledged Jane Doe had never been in defendant's bedroom when her grandmother was not there. When Jane Doe's parent's found her in defendant's bedroom, she was crying. In addition, the jury found true the special circumstance kidnapping allegation on count 2 (§ 667.61, subdivision (d)(2)). This indicates the jury rejected defendant's testimony that he did not use any force or duress. The jury was instructed that in order to find the kidnapping allegation true it must find that defendant took, held, or detained the victim by force or fear.

Even though the trial court erred in not instructing the jury sua sponte on the lesser included offense of nonforcible lewd acts, it is not reasonably probable defendant would have received a more favorable result. The failure to instruct on nonforcible lewd act was therefore harmless error. (*Watson*, *supra*, 46 Cal.2d at p. 836.)

IV

INSTRUCTION ON CONSENT DEFENSE

Defendant contends the trial court erred in not instructing the jury on consent as a defense to the special circumstance allegation on count 2 (aggravated kidnapping enhancement). The jury found true the enhancement allegation that defendant kidnapped

11

Jane Doe during commission of count 2, in violation of section 667.61, subdivision (d)(2). Defendant argues that consent is a defense to kidnapping. Therefore the trial court was required to instruct sua sponte on consent.

*A. Forfeiture*

The People argue defendant forfeited his objection to the trial court not sua sponte instructing on consent. Generally, "'[a] party may not complain on appeal that an instruction correct in law and responsive to the evidence was too general or incomplete unless the party has requested appropriate clarifying or amplifying language.'" (*People v. Hart* (1999) 20 Cal.4th 546, 622; *People v. Guerra* (2006) 37 Cal.4th 1067, 1134.) CALCRIM No. 3175 is an accurate statement of law on the aggravated kidnapping allegation. Defendant therefore was obligated to request modification or clarification and, having failed to have done so, forfeited his contention. Even assuming defendant did not forfeit his contention, we nonetheless find there was no prejudicial error, as discussed below. (*People v. Samaniego* (2009) 172 Cal.App.4th 1148, 1163.)

*B. Analysis*

A trial court must instruct the jury sua sponte on the general principles of law that are closely and openly connected to the evidence presented at trial. (*People v. Wickersham* (1982) 32 Cal.3d 307, 323, disapproved on another ground in *People v. Barton* (1995) 12 Cal.4th 186, 200-201.) "A trial court must give a requested instruction only if it is supported by substantial evidence, that is, evidence sufficient to deserve jury consideration. [Citations.] . . . '[U]nsupported theories should not be presented to the jury.' [Citation.]" (*People v. Marshall* (1997) 15 Cal.4th 1, 39-40.) "In determining

12

whether error has been committed in giving or not giving jury instructions, we must consider the instructions as a whole." (*People v. Kegler* (1987) 197 Cal.App.3d 72, 80.)

Here, the trial court gave modified CALJIC No. 3175 on the aggravated kidnapping enhancement. The court instructed the jury that, "[t]o prove this allegation, the People must prove that: [¶] 1. The defendant took, held, or detained [Jane Doe], by the use of force or by instilling reasonable fear; [¶] 2. Using that force or fear, the defendant moved [Jane Doe] a substantial distance; [¶] 3. The movement of [Jane Doe] substantially increased the risk of harm to her beyond that necessarily present in the Lewd and Lascivious Act by Force" (count 2).

Defendant asserts the trial court erred in omitting the optional bracketed paragraph 4, which states: "[Jane Doe] did not consent to the movement." (CALCRIM No. 3175.) Defendant acknowledges the trial court instructed the jury on principles concerning a child who is incapable of consent. The court gave CALJIC No. 1201, which stated in part that to prove the defendant is guilty of kidnapping a child, the People must prove, "1. The defendant used physical force to take and carry away an unresisting child; [¶] 2. The defendant moved the child a substantial distance; [¶] 3. The defendant moved the child with an illegal intent or for an illegal purpose; [¶] AND [¶] The child was under 14 years old at the time of the movement. [¶] . . . [¶] A person is incapable of giving legal consent if he or she is unable to understand the act, its nature, and possible consequences." (CALCRIM No. 1201.)

Defendant argues that, because there was substantial evidence supporting the consent defense, the trial court erred in failing to instruct that consent was a defense.

13

Defendant relies on his own testimony that Jane Doe followed him and voluntarily came with him into his bedroom. Defendant denied carrying her there. Defendant further asserts that she was old enough to know where she was going. She was in her family's home and had been in defendant's bedroom before.

The People argue there was no prejudicial error in not instructing on consent because there was evidence defendant used force and fear, and "the concepts of consent and force or fear with regard to kidnapping are inextricably intertwined." (*People v. Majors* (2004) 33 Cal.4th 321, 331.) The court in *People v. Davis* (1995) 10 Cal.4th 463, 517, held that the trial court properly instructed the jury on kidnapping by stating that, "To consent to an act or transaction a person must, one, act freely and voluntarily and not under the influence of threats, force or duress."

Even assuming the trial court erred in omitting the optional paragraph on consent from the CALCRIM No. 3175 instruction, such omission was harmless error. We recognize there is disagreement among the courts as to whether consent is an element of kidnapping or a defense, and whether the *Chapman*[3] or *Watson* harmless error standard of review applies. Regardless, we conclude that under either standard, the absence of instruction on consent was harmless error. (*People v. Sengpadychith* (2001) 26 Cal.4th 316, 326; *People v. Dickey* (2005) 35 Cal.4th 884, 905; *People v. Corning* (1983) 146 Cal.App.3d 83, 89.)

---

[3] *Chapman v. California* (1967) 386 U.S. 18, 24.

14

Here, there was overwhelming evidence that defendant used threats, force and duress to transport Jane Doe to his bedroom for the purpose of committing a lewd act. The instructions given as a whole were sufficient in instructing the jury that the aggravated kidnapping enhancement required a finding that Jane Doe's movement from her bedroom to defendant's bedroom during the kidnapping, was nonconsensual and the result of defendant using force, fear, or duress. There is no reasonable possibility that the absence of instruction on consent contributed to the jury finding true the enhancement. (*People v. Archer* (2000) 82 Cal.App.4th 1380, 1394.) Such instruction would not have made any difference in the jury's finding on the aggravated kidnapping enhancement. Not only is it highly probable the jury understood a lack of consent was required for the enhancement but, in addition, as discussed in the preceding section, there was overwhelming evidence that defendant used force, fear, and duress to move Jane Doe from her bedroom to his bedroom.

V

ABSTRACT OF JUDGMENT AND MINUTE ORDER CORRECTION

Defendant contends the sentencing minute order and abstract of judgment should be amended to show that the sentence on count 1 was imposed concurrent, not consecutive, to count 2. The People agree, as does this court.

During sentencing, the trial court imposed a 25-years-to-life sentence for count 1. The court ordered the sentence to run concurrent to the sentence for count 2 of life without the possibility of parole. The minute order and abstract of judgment, however, state that the trial court ordered the sentence for count 1 to run consecutive to the

15

sentence for count 2. The minute order and abstract of judgment must be amended to correct this clerical error. (*People v. Mitchell* (2001) 26 Cal.4th 181, 186-187.)

VI

PAROLE REVOCATION FINE

Defendant requests this court to strike the parole revocation fine from his sentence because he was sentenced to a term of life without the possibility of parole. The People agree, as does this court.

At sentencing, the trial court imposed a $10,000 restitution fined under section 1202.4, subdivision (b), and a $10,000 suspended parole revocation fine under section 1202.45. "A parole revocation fine may not be imposed for a term of life in prison without possibility of parole, as the statute is expressly inapplicable where there is no period of parole." (*People v. Jenkins* (2006) 140 Cal.App.4th 805, 819.) Here, the trial court improperly imposed the $10,000 suspended parole revocation fine because defendant was sentenced to life without the possibility of parole for count 2. The fine must therefore be stricken.

VII

DISPOSITION

The trial court is directed to amend the sentencing minute order dated August 15, 2014, to state that sentencing on count 1 was imposed *concurrent* to the sentence on count 2. Also, the parole revocation fine is ordered stricken because defendant was sentenced to life without the possibility of parole. The judgment is affirmed as modified.

16

The trial court is directed to issue a modified abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

MILLER
J.